OSCAR H. KLEE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Klee v. Commissioner
Docket No. 116-76.
United States Tax Court
T.C. Memo 1977-149; 1977 Tax Ct. Memo LEXIS 292; 36 T.C.M. (CCH) 633; T.C.M. (RIA) 770149; May 17, 1977, Filed Earl G. Stokes, for the petitioner. Lawrence G. Becker, for the respondent. FORRESTER
MEMORANDUM FINDINGS OF FACT AND OPINION FORRESTER, Judge: This case is presently before the Court on petitioner's motion for leave to file reply and on respondent's motion for judgment on the pleadings. Respondent has determined deficiencies in petitioner's Federal income tax and additions to tax as follows: Additions to tax
Additions to tax Year
Deficiency
[1] under sec. 6653(b) under sec. 6654
1965
$ 604.20
$ 302.10
$ 9.66
1966
1,424.14
712.07
28.51
1967
2,441.53
1,220.77
78.13
1968
3,116.46
1,558.23
97.47
1969
6,854.62
3,427.31
219.35
The procedural sequence of events culminating in the instant case began with the mailing of the notice of deficiency to petitioner on October 2, 1975. On January 2, 1976, petitioner *295 timely filed his petition with this Court, in response to which respondent timely filed his answer on March 4, 1976. In his answer, respondent, inter alia, made affirmative allegations of fact in support of the determined deficiencies and the asserted additions to tax for fraud under section 6653(b). He also made affirmative factual allegations in response to petitioner's claim that the statute of limitations on the assessment and collection of tax had expired. Petitioner failed to file a reply to respondent's answer within the time period specified by Rule 37(a), Tax Court Rules of Practice and Procedure. Accordingly, on May 18, 1976, respondent timely filed with this Court a motion under Rule 37(c) for an order that the undenied allegations in his answer be deemed admitted. On May 19, 1976, we issued to petitioner a notice of respondent's motion and therein informed petitioner that if he filed a proper reply by June 8, 1976, respondent's motion would be denied but that, if no reply were filed by that date, we would act at our own discretion on such motion at a hearing scheduled for June 23, 1976. Petitioner again failed to file a reply, and he did not appear at the *296 June 23d hearing. At the hearing, respondent's motion under Rule 37(c) was granted and, on that same date, we issued an order stating that the undenied allegations of fact set forth in paragraphs 3 and 7 through 11 of respondent's answer were deemed to be admitted. On September 9, 1976, respondent moved pursuant to Rule 120 for judgment on the pleadings. On September 14, 1976, we issued to petitioner a notice that such motion had been filed and that a hearing on the motion had been calendared for November 8, 1976. On November 4, 1976, petitioner filed with this Court a motion for leave to file reply. A hearing was held on November 8, 1976, with respect to both such motions, at which hearing testimony from petitioner was taken and arguments from both parties were heard. At the conclusion of the hearing, we denied petitioner's motion for leave to file reply and granted respondent's motion for judgment on the pleadings. The following findings of fact are based upon those portions of petitioner's petition admitted by respondent and the undenied factual allegations contained in respondent's answer deemed to be admitted pursuant to this Court's order of June 23, 1976. FINDINGS *297 OF FACT Petitioner resided in Ukiah, California, at the time his petition herein was filed. His Federal income tax returns for the years at issue should have been filed with the District Director, San Francisco, California. During each of the years at issue, petitioner received the following amounts of taxable income: 1965
$2,204.16
1966
5,492.00
1967
9,649.82
1968
11,019.63
1969
19,325.84
Petitioner's total tax liability for such years was as follows: Year
Income Tax
Self-employment tax
Total
1965
$ 345.00
$259.20
$ 604.20
1966
1,018.24
405.90
1,424.14
1967
2,019.13
422.40
2,441.53
1968
2,617.26
499.20
3,116.46
1969
6,316.42
538.20
6,854.62
Petitioner failed to file income tax returns for the years at issue. Moreover, he failed to pay any portions of the above total tax liabilities for such years, although in each year he had ample funds with which to do so. In addition to not filing returns for the years at issue, petitioner also failed to file for years 1956 through 1964. With the exception of four years, petitioner has been engaged in the business of preparing tax returns since 1950. His knowledge *298 of tax matters is far above average, and he is well aware of the requirements of filing Federal income tax returns. During each of the years at issue, he knew that he had income in excess of $600 subject to tax. On February 14, 1973, an information was filed charging petitioner with violating section 7203 by willfully failing to file Federal income tax returns for 1966, 1967 and 1968. On March 9, 1973, petitioner entered a plea of not guilty to this charge; however, on June 22, 1973, after a trial on the merits, a jury found him guilty. On July 20, 1973, the United States District Court entered its judgment pursuant to such verdict. United States v. Oscar H. Klee, an unreported case (N.D. Cal.), affd. 494 F. 2d 394 (9th Cir. 1974), cert. denied 419 U.S. 835 (1975). The petitioner herein is the same person who was the defendant in the above-cited case, and the respondent herein is a party in privity with the United States of America, the prosecuting party in that criminal case. Among the issues of fact presented, litigated and determined in the above-cited criminal case was whether petitioner willfully failed to file returns for 1966, 1967 and *299 1968. As a defendant in that case, petitioner presented evidence and argument bearing on that issue. A finding of fact that petitioner's failure to file for those years was willful was essential to support the jury verdict rendered and the judgment of conviction entered in that case. OPINION At the outset, we feel constrained to comment briefly on our denial of petitioner's motion for leave to file reply. Our recital of the procedural developments in the instant case amply demonstrates that petitioner was afforded a liberal number of opportunities to file with this Court the reply required by Rule 37(a); nevertheless, petitioner consistently failed to do so. We find completely unacceptable petitioner's explanation offered at the November 8, 1976, hearing that (1) he was unfamiliar with the rules of this Court and unaware that a reply to respondent's answer was required, and (2) that his continued absence from his office during this time period prevented his receiving any actual notification that a reply must be filed. Such excuses simply do not stand up against petitioner's long background and experience in the tax area and the degree of sophistication with which he carried *300 out his business affairs. Petitioner has totally ignored the notices issued to him and, by his conduct, has shown complete and utter disrespect for the rules of this Court. Under these circumstances, we have no choice but to allow our order of June 23, 1976, to stand and to deny petitioner's motion for leave to file a reply. We now turn to the substantive issues before us. Issue 1. The Deficiencies
In his notice of deficiency respondent determined deficiencies in petitioner's income and self-employment tax for 1965, 1966, 1967, 1968, and 1969. In his petition, petitioner alleged that respondent had erred in arriving at the determined deficiencies. In paragraphs 7(d) and (e) of his answer, respondent made the following affirmative allegations: (d) The tax liability due and payable by the petitioner for the taxable years 1965 through 1969 is as follows: OSCAR H. KLEE - TOTAL TAX LIABILITY
1965
1966
1967
1968
1969
Income Tax
$345.00
$1,018.24
$2,019.13
$2,617.26
$6,316.42
Self-employment tax
259.20
405.90
422.40
499.20
538.20
Total Tax Liability
$604.20
$1,424.14
$2,441.53
$3,116.46
$6,854.62
(e) The petitioner *301 failed to file income tax returns for the taxable years 1965 through 1969 and failed to pay any portions of the total tax liabilities due from him for said years. The foregoing affirmative factual allegations were among those deemed to be admitted by our order of June 23, 1976. Therefore, it follows that respondent's deficiency determinations for the years at issue must be sustained. Issue 2. The Statute of Limitations
In his petition, petitioner claimed that respondent erred in not issuing a timely notice of deficiency. One of the undenied factual allegations deemed to be admitted is that, for each of the years at issue, petitioner failed to file income tax returns (see paragraph 7(e) of respondent's answer, quoted above). Accordingly, under the provisions of section 6501(c)(3), [2] there is no time limitation to bar the assessment and collection of the tax in the instant case. *302 Issue 3. Additions to Tax for Fraud
For each of the years at issue, respondent asserted the 50 percent fraud penalty provided for in section 6653(b). [3] The burden with respect to this issue rests with respondent to prove, by clear and convincing evidence, that some part of the underpayment was due to fraud with an intent to evade tax. Section 7454(a); Imburgia v. Commissioner,22 T.C. 1002 (1954); Rule 142(b), Tax Court Rules of Practice and Procedure. Respondent can satisfy his burden through those undenied facts deemed admitted under Rule 37(c). Gilday v. Commissioner,62 T.C. 260 (1974); Morris v. Commissioner,30 T.C. 928 (1958); Black v. Commissioner,19 T.C. 474 (1952). We hold that, by reason of such admitted facts, respondent has satisfied his burden of proving fraud in the instant case. *303 It is well established that evidence of fraud can be found from the willful failure to file a return. Granquist v. Commissioner,252 F. 2d 56 (9th Cir. 1958); Acker v. Commissioner,26 T.C. 107 (1956); Bennett v. Commissioner,30 T.C. 114 (1958). Although willful failure to file is, by itself, insufficient to support a finding of fraud, Beaver v. Commissioner,55 T.C. 85, 93 (1970), such failure is properly considered together with other facts in order to establish the requisite intent to evade tax. Cirillo v. Commissioner,314 F. 2d 478 (3d Cir. 1963), affg. in part a Memorandum Opinion of this Court. For each of the years at issue, 1965 through 1969, we have no hesitancy in finding that petitioner willfully failed to file income tax returns. In the first place, petitioner was convicted of violating section 7203 [4] for the years 1966, 1967 and 1968. One of the essential elements of this offense is a finding that the failure to file was willful. Thus, the doctrine of collateral estoppel necessarily binds us to a similar conclusion for such years. See Amos v. Commissioner,43 T.C. 50 (1964). *304 As for the years 1965 and 1969, we think petitioner's willful failure to file is easily derived from the fact that he knew he had income subject to tax and knew he was required to file income tax returns for those years; yet, he failed to do so. Petitioner is by no means unsophisticated in the area of Federal income tax. During the years before us, he had been actively engaged in the business of preparing income tax returns for well *305 over 10 years. As such, there can be no doubt that he was thoroughly familiar with his personal responsibilities with respect to the filing of returns and paying the tax due thereon. Against this background, we are more inclined to attribute to petitioner the requisite intent to evade tax. Moreover, we find further evidence of petitioner's fraudulent from his failure to file returns from 1954 through 1964. We realize that such years are not before us, but we simply cannot ignore what clearly appears to be repeated and consistent failure to comply with the Federal tax laws. Issue 4. Additions to Tax for Failure to Pay Estimated Income Tax
For each of the years at issue, respondent asserted additions to tax under section 6654 [5] for underpayment of estimated tax. Petitioner failed to file income tax returns for the years at issue and, therefore, the normal deficiency procedures applicable to income taxes attach to this asserted penalty, and we are thereby conferred jurisdiction to redetermine the correct amount thereof. Section 6659; cf. Johnston v. Commissioner,429 F. 2d 804 (6th Cir. 1970). *306 The imposition of the section 6654 penalty is mandatory unless any of the exceptions provided for thereunder are applicable, and any extenuating circumstances or finding of reasonable cause is irrelevant to its imposition. Sec. 1.6654-1(a)(1), Income Tax Regs; Mitchell v. Commissioner,51 T.C. 641 (1969). Respondent's motion, being as it is one for judgment on the pleadings, is properly granted only where the admitted facts appearing in the pleadings entitle the moving party to recover without proof, such as where all the material facts are disclosed or where the pleadings present no factual issue. Friedman v. Washburn, Co.,145 F. 2d 715 (7th Cir. 1944); 2A Moore, Federal Practice, par. 12.15, p. 2342 (2d ed. 1948). Based on the facts deemed to be admitted in respondent's answer, we conclude that petitioner underpayed his estimated tax for the years at issue and, accordingly, respondent's motion on this issue is likewise sustained. One question we must resolve from the pleadings is whether petitioner had any tax withheld at source on wages that would be deemed a payment of estimated tax under section 6654(e). [6] Based on facts in respondent's *307 answer deemed to be admitted, we know that petitioner had certain total tax liabilities for the years at issue of which he failed to pay any portions. Therefore, from these facts, we are able to conclude that petitioner never had tax withheld at source on wages for the years at issue because under section 6513(b)(1) [7] such withheld tax is considered to have been paid by the taxpayer. *308 As we have previously stated, if there has been an underpayment of estimated tax, the imposition of the section 6654 penalty is mandatory unless liability is avoided under one of the exceptions provided for under that section. In general, these exceptions compare the taxpayer's total amount of all estimated tax payments (including wage withholding) with other amounts of tax computed by various methods. If the total amount of all estimated tax payments equals or exceeds any one of these other tax computations, the taxpayer is not liable for the section 6654 penalty. In the instant case, we have found solely from the facts presented in the pleadings that petitioner made no estimated tax payments for the years at issue. Therefore, such payments could never have equaled or exceeded the amounts computed under these other methods, and petitioner cannot avail himself of these exceptions to avoid the asserted section 6654 addition to tax. Decision will be entered for the respondent. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954.↩
2. SEC. 6501. LIMITATIONS ON ASSESSMENT AND COLLECTION. (a) General Rule. -- Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) or, if the tax is payable by stamp, at any time after such tax became due and before the expiration of 3 years after the date on which any part of such tax was paid, and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period. * * *
(c) Exceptions. -- * * *
(3) No return. -- In the case of failure to file a return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time.↩
3. SEC. 6653. FAILURE TO PAY TAX. * * *
(b) Fraud. -- If any part of any underpayment (as defined in subsection (c)) of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. In the case of income taxes and gift taxes, this amount shall be in lieu of any amount determined under subsection (a). In the case of a joint return under section 6013, this subsection shall not apply with respect to the tax of a spouse unless some part of the underpayment is due to the fraud of such spouse.↩
4. SEC. 7203. WILLFUL FAILURE TO FILE RETURN, SUPPLY INFORMATION, OR PAY TAX. Any person required under this title to pay any estimated tax or tax, or required by this title or by regulations made under authority thereof to make a return (other than a return required under authority of section 6015), keep any records, or supply any information, who willfully fails to pay such estimated tax or tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 1 year, or both, together with the costs of prosecution.↩
5. SEC. 6654. FAILURE BY INDIVIDUAL TO PAY ESTIMATED INCOME TAX. (a) Addition to the Tax. -- In the case of any underpayment of estimated tax by an individual, except as provided in subsection (d), there shall be added to the tax under chapter 1 and the tax under chapter 2 for the taxable year an amount determined at an annual rate established under section 6621 upon the amount of the underpayment (determined under subsection (b)) for the period of the underpayment (determined under subsection (c))↩
6. (e) Application of Section in Case of Tax Withheld on Wages. -- For purposes of applying this section-- (1) The estimated tax shall be computed without any reduction for the amount which the individual estimates as his credit under section 31 (relating to tax withheld at source on wages), and (2) The amount of the credit allowed under section 31 for the taxable year shall be deemed a payment of estimated tax, and an equal part of such amount shall be deemed paid on each installment date (determined under section 6153) for such taxable year, unless the taxpayer establishes the dates on which all amounts were actually withheld, in which case the amounts so withheld shall be deemed payments of estimated tax on the dates on which such amounts were actually withheld. ↩
7. SEC. 6513. TIME RETURN DEEMED FILED AND TAX CONSIDERED PAID. * * *
(b) Prepaid Income Tax. -- For purposes of section 6511 or 6512-- (1) Any tax actually deducted and withheld at the source during any calendar year under chapter 24 shall, in respect of the recipient of the income, be deemed to have been paid by him on the 15th day of the fourth month following the close of his taxable year with respect to which such tax is allowable as a credit under section 31.↩