*Decisions will be entered under Rule 155.*

*ESTATE OF PIERRE L. BAILLY, DECEASED, DANTE M. FIORINI, PERSONAL REPRESENTATIVE, PETITIONER v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 9487–81.    Filed September 6, 1983.

*James Curtis Wood*, for the petitioner.
*Kathleen E. Whatley*, for the respondent.

---

*Supplemental Opinion appears at 81 T.C. 949 (1983).

OPINION

DAWSON, *Chief Judge*: Respondent determined a deficiency in Federal estate tax against the Estate of Pierre L. Bailly, deceased, in the amount of $380,373.

After concessions by the parties, the issue for decision is whether an estate that has properly elected under section 6166[1] to pay its estate tax liability in 10 equal annual installments can deduct unaccrued interest on that liability and on State estate tax liability as an administration expense under section 2053(a)(2).

This case was submitted fully stipulated pursuant to Rule 122.[2] The stipulation of facts and joint exhibits are incorporated herein by reference. The pertinent facts are summarized below.

Pierre L. Bailly (decedent) died on November 24, 1976. At the time of his death, the decedent was a resident of Miami, Fla. Dante M. Fiorini, the petitioner herein, is the personal representative of the decedent's estate. At the time that he filed the petition in this case, petitioner resided in Miami, Fla.

A Federal estate tax return was filed for the decedent's estate with the Internal Revenue Service Center in Chamblee, Ga., on February 17, 1978. This filing was timely made pursuant to a request for extension of time to file.

Petitioner made the following payments on the decedent's Federal estate tax liability:

| Date | Payment |
|---|---|
| 2/17/78 | $89,434.00 |
| 8/20/78 | 16,987.12 |
| 8/27/79 | 15,911.11 |
| 8/ 8/80 | 17,815.47 |
| 8/10/81 | 18,491.29 |
| 8/10/82 | 19,616.44 |

The applicable interest rates pursuant to section 6621(b) are as follows:

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as amended and in effect at the time of the decedent's death, Nov. 24, 1976.

[2] All Rule references are to the Tax Court Rules of Practice and Procedure. All references to "the estate" are to the Estate of Pierre L. Bailly, deceased.

|  | Date |  | *Annual percentage rate* |
|---|---|---|---|
| 11/24/76 to | 1/31/78 | ...................... | 7 |
| 2/ 1/78 to | 1/31/80 | ...................... | 6 |
| 2/ 1/80 to | 1/31/82 | ...................... | 12 |
| 2/ 1/82 to | 12/31/82 | ...................... | 20 |
| 1/ 1/83 to | 12/31/83 | ...................... | 16 |

The applicable interest rates for Florida estate taxes are:

|  | Date | | *Annual percentage rate* |
|---|---|---|---|
| 11/24/76 to | 6/30/77 | ...................... | 6 |
| 7/ 1/77 to | present | ...................... | 12 |

The parties agree that the interest incurred on liabilities for both Federal estate tax and State death tax constitutes an expense necessarily incurred in the administration of the estate and is deductible under section 2053(a)(2) to the extent allowable under local law.[3]

The parties disagree, however, as to the timing and method by which petitioner may claim an administration expense deduction for interest on the Federal estate tax and Florida estate tax liabilities.

To be deductible by the decedent's estate, the interest at issue must meet the requirements of section 2053. Under section 2053(a)[4] the value of the taxable estate is determined

---

[3]To ensure that these deductions were allowable by Florida law in compliance with sec. 2053, petitioner sought and obtained an order from the Circuit Court of the 11th Judicial Circuit in and for Dade County, Fla., that all interest paid and/or accrued on account of estate taxes is an expense of administration under Florida law.

[4]Sec. 2053(a) provides as follows:

(a) GENERAL RULE.—For purposes of the tax imposed by section 2001, the value of the taxable estate shall be determined by deducting from the value of the gross estate such amounts—

    *        *        *        *        *        *        *

(2) for administration expenses,

    *        *        *        *        *        *        *

as are allowable by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered.

by deducting from the gross estate certain items allowable by the law of the jurisdiction where the estate is administered.

Subject to limitations, interest paid on estate taxes is deductible as an administration expense under section 2053(a)(2). *Bahr v. Commissioner*, 68 T.C. 74 (1977). See also *Estate of Webster v. Commissioner*, 65 T.C. 968 (1976); *Estate of Todd v. Commissioner*, 57 T.C. 288 (1971); see sec. 642(g). At issue is whether an estimate of the interest to accrue on petitioner's Federal and State estate tax liability over the 10-year deferral period meets the requirements of section 20.2053-1(b)(3), Estate Tax Regs.

Section 20.2053-1(b)(3), Estate Tax Regs., provides that—

An item may be entered on the return for deduction though its exact amount is not then known, provided it is ascertainable with reasonable certainty, and will be paid. No deduction may be taken upon the basis of a vague or uncertain estimate. * * *

Petitioner contends that an estimation of the entire amount of interest to be paid over the deferral period can be determined with reasonable certainty in accordance with the requirements of section 20.2053-1(b)(3), Estate Tax Regs. He contends that unfairness will result if he is required to periodically deduct the interest expense through the filing of annual supplemental returns. Petitioner asserts that a taxpayer would be unable to claim a tax refund for after-incurred interest expense for earlier payments on which the limitations period had already expired.

Respondent contends that petitioner cannot claim an administration expense deduction based upon interest which has not yet accrued. He asserts that an estimate of the interest to be incurred by the estate cannot meet the requirements for deductibility under section 20.2053-1(b)(3), Estate Tax Regs., i.e., that the payment will be made or that the interest to be deducted be ascertainable with reasonable certainty. Respondent contends that it is uncertain that the estate will pay the interest because the estate will always have the option under section 6166(g) of prepaying the estate tax still owing. Respondent also questions the certainty with which petitioner can estimate the interest to be paid. He notes that the interest rate on estate tax liabilities is subject to considerable fluctuation because section 6621(b) requires a semi-annual adjustment of the interest rate. Respondent asserts that because the interest

at issue has not yet accrued, it fails to meet the requirements of section 20.2053-1(b)(3), Estate Tax Regs. Hence, respondent concludes that petitioner can only deduct the interest as it accrues by filing annual supplemental returns.

Petitioner has the burden of establishing that he is entitled to the deductions claimed. *Welch v. Helvering*, 290 U.S. 111, 115 (1933); Rule 142(a). To support his claim for a deduction, petitioner must prove that (1) the unaccrued interest can be ascertained with reasonable certainty and (2) that the interest will be paid. Sec. 20.2053-1(b)(3), Estate Tax Regs.

Petitioner urges this Court to consider its decision in *Bahr v. Commissioner*, 68 T.C. 74 (1977), as controlling in the instant case. He contends that this Court was not troubled in *Bahr* by a fluctuating interest rate or by the possibility of an acceleration of payment of estate tax liabilities.

We think this Court's opinion in *Bahr* is distinguishable from the instant case. Although *Bahr* dealt with a claimed deduction for "projected" interest, the opinion did not focus on the precise issue here, i.e., the deductibility of estimated interest. Rather, *Bahr* focused on the pure question of whether interest incurred on the unpaid balance of the estate tax liability was deductible as an administration expense under section 2053(a)(2) and also on the distinction between taxes and "interest on a tax" under section 6601(e)(1). The problem raised in the instant case of estimating fluctuating interest rates with reasonable certainty was not addressed in *Bahr* because the applicable law, section 6601(b), provided for an interest rate of 4 percent for deferred payments of estate tax liabilities, without any requirement for periodic adjustments of that rate to reflect fluctuations in the current prime rate. In contrast, the section applicable in the instant case, section 6621,[5] provides in subsection (b) for periodic adjustments of the

---

[5]Sec. 6621 provides as follows:

(a) In General.—The rate of interest under sections 6601(a), 6602, 6611(a), 6332(c)(1), and 7426(g) of this title, and under section 2411(a) of title 28 is 9 percent per annum, or such adjusted rate as is established by the Secretary under subsection (b).

(b) Adjustment of Interest Rate.—The Secretary shall establish an adjusted rate of interest for the purpose of subsection (a) not later than October 15 of any year if the adjusted prime rate charged by banks during September of that year, rounded to the nearest full percent, is at least a full percentage point more or less than the interest rate which is then in effect. Any such adjusted rate of interest shall be equal to the adjusted prime rate charged by banks, rounded to the nearest full percent, and shall become effective on

applicable rate to reflect the adjusted prime rate charged by banks, recognizing the considerable fluctuation in the rate of interest. See S. Rept. 1357, 93d Cong., 2d Sess. 19–20, 1975–1 C.B. 517, 528.

In *Bahr*, we did not envision the problems faced in this case of estimating an interest rate that has fluctuated from 6 percent to 20 percent in the last 5 years. No statutory requirement of a periodic adjustment of the applicable interest rate was provided in section 6601 because the interest rate was not subject to fluctuation in the early 1970's as it is today. The interest rate was 6 percent and had remained between 5 and 6 percent for several years.[6]

Accordingly, we view the issue in the instant case as one of first impression and hold that petitioner may deduct interest on his Federal and State estate tax liabilities only as it accrues and becomes certain.

## I. Federal Estate Tax Liability

We agree with respondent that the interest rate is subject to such fluctuation that it is not possible to estimate with "reasonable certainty" the amount of interest to be incurred on petitioner's Federal estate tax liability. Under the present provisions of section 6621(b), the interest rate will change an additional 9 times before the final installment is due. From 1978 to 1983, the interest rate fluctuated between 6 percent and 20 percent. Based upon these fluctuations, we foresee a problem in making a reasonable estimate. We also note that the petitioner has failed to suggest a method or formula to help us resolve this problem.

In addition to the problem of a fluctuating interest rate, there are additional possibilities that lessen the certainty that petitioner will actually pay the estimated interest. Petitioner could voluntarily or involuntarily accelerate the payment of the liability, and thus render his interest estimations inaccurate. See sec. 6166(g). Petitioner could also prepay portions of

---

February 1 of the immediately succeeding year. An adjustment provided for under this subsection may not be made prior to the expiration of 23 months following the date of any preceding adjustment under this subsection which changes the rate of interest.

[6] See Thorndike Encyclopedia of Banking and Financial Tables, Table 1-1, part 2, p. 2 (1983 rev.).

his liability which would also render his interest estimations inaccurate. While these possibilities may appear remote, they are still factors that would render uncertain petitioner's payment of interest.

Accordingly, because of the problems discussed above, we hold that a reasonable estimate of unaccrued interest cannot be made. Hence, we sustain respondent's determination that petitioner can deduct the interest on the Federal estate tax liability only as it accrues.

No guidance has been provided by Congress concerning the procedure for an estate to follow in order to obtain a deduction for interest as it accrues on estate tax liability. Respondent, however, has published such a procedure. This procedure is described in Rev. Rul. 80–250, 1980–2 C.B. 278 and Rev. Proc. 81–27, 1981–2 C.B. 548.

Respondent's procedure provides that an estate should file a supplemental Form 706 after the interest has accrued in order to obtain a deduction for any interest paid. Any overpayments will be applied to the next installment in accordance with section 6403.[7] If there is an overpayment after the final installment, the estate may file a claim for a refund.

Petitioner contends that this procedure is unfair because it requires him to periodically deduct the interest expense through the filing of annual supplemental returns. Petitioner also contends that while section 6503(d) suspends the statute of limitations for collection of tax by the Commissioner during the deferral period, taxpayers do not receive the same protection. Hence, he asserts that a taxpayer would be unable to claim a tax refund for after-incurred interest expense for earlier payments on which the limitations period had already expired.

We find petitioner's contentions unpersuasive. While petitioner will be burdened by having to file annual supplemental returns, the respondent will be equally burdened by having to

[7]Sec. 6403 provides as follows:

In the case of a tax payable in installments, if the taxpayer has paid as an installment of the tax more than the amount determined to be the correct amount of such installment, the overpayment shall be credited against the unpaid installments, if any. If the amount already paid, whether or not on the basis of installments, exceeds the amount determined to be the correct amount of the tax, the overpayment shall be credited or refunded as provided in section 6402.

review these returns. Petitioner elected to receive the benefit of deferred payment of his tax, and he must accept the burdens that come with that benefit.

We also disagree with petitioner that the statute of limitations presents a problem. Generally, under respondent's procedure, any overpayment by a taxpayer is applied to the next installment in accordance with section 6403 and serves to reduce all succeeding installments. See Rev. Proc. 81-27, 1981-2 C.B. 548. If the final total of petitioner's payments exceeds the estate tax liability, a claim for refund can be filed. But see sec. 6512(a). Accordingly, no statute of limitations problem can arise with earlier payments since no overpayment can occur until the final installment is paid. See sec. 6511.

## II. Florida Estate Tax Liability

Our concerns about estimating unaccrued interest on a Federal estate tax liability are equally applicable to estimations of interest on Florida estate tax. Fla. Stat. Ann. sec. 198.18(2) (West Supp. 1983)[8] specifies the applicable interest rate. This rate is adjusted periodically by the Florida legislature. The rate was doubled in 1977, increasing the then-current rate of 6 percent to 12 percent. Presumably, the rate will continue to fluctuate to reflect changes in the prime interest rate. Accordingly, we sustain respondent's determination that interest on Florida estate tax can only be deducted after it has accrued.

To reflect concessions of the parties and our conclusions herein,

*Decision will be entered under Rule 155.*

---

[8]That section provides as follows:

(2) Any deficiency in tax or any tax payment not received by the department on or before the due date as provided in s. 198.15, in addition to any other penalties, shall bear interest at the rate of 1 percent per month of the amount due from the due date until paid. * * *