ESTATE OF PIERRE L. BAILLY, DECEASED, DANTE M. FIORINI, PERSONAL REPRESENTATIVE, PETITIONER *V.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 9487–81.    Filed December 12, 1983.

*James Curtis Wood*, for the petitioner.
*Kathleen E. Whatley*, for the respondent.

### SUPPLEMENTAL OPINION

DAWSON, *Chief Judge*: This case is before us on petitioner's motion for reconsideration of our opinion in the above-entitled case, 81 T.C. 246 (1983). Under the facts of this case, Dante M. Fiorini (petitioner), personal representative of the Estate of Pierre J. Bailly, deceased, properly elected under section 6166[1] to pay the estate tax liability in 10 equal installments. Petitioner deducted on the initial Federal estate tax return an estimate of the interest to be accrued over the 10 year deferral period. The issue before us was the proper timing of the deduction of the interest under section 2053(a)(2). We held that petitioner may deduct from the value of the gross estate under section 2053(a)(2) the amount of interest on Federal and State estate tax liabilities only as that interest accrues. Our holding was based on our conclusion that unaccrued interest is not ascertainable with reasonable certainty within the meaning of section 20.2053–1(b)(3), Estate Tax Regs., because of (1) considerable fluctuation in interest rates, and (2) the possibility of

---

[1]All section references are to the Internal Revenue Code of 1954 as amended and in effect at the time of the filing of the petition in this case, May 5, 1981, unless otherwise indicated.

acceleration or prepayment of the estate tax liability. Decision was to be entered pursuant to Rule 155.[2] The decision has not yet been entered.

The granting of a motion for reconsideration rests within the discretion of this Court. Such a motion is generally denied unless unusual circumstances or substantial error is shown. *Haft Trust v. Commissioner*, 62 T.C. 145 (1974), affd. on this issue 510 F.2d 43, 45 n. 1 (1st Cir. 1975). In this case, we granted petitioner's motion by order dated November 4, 1983,[3] because petitioner has persuasively presented that the possible ramifications of our opinion were not given prior adequate consideration. Furthermore, this reconsideration addresses only dicta in our original opinion and not our holding in the case. Thus, any reason not to grant the motion stemming from concerns that we may have about granting a rehearing for presentation of additional evidence or a new theory is not present here. See *Pierce Oil Corp. v. Commissioner*, 30 B.T.A. 469 (1934).

Petitioner requests reconsideration of the portion of our opinion relating to petitioner's entitlement to estate tax deductions for interest on the Federal and State tax liabilities accruing after the date of entry of our decision. Specifically, the request for reconsideration concerns two portions of our original opinion (now amended). First, on page 11 (of the slip opinion), we considered petitioner's contention that not allowing the interest to be estimated and be deducted "up front" would be inappropriate because taxpayers do not receive the protection of the suspension of the statute of limitations during the period of deferral of the estate tax payment. In dismissing petitioner's contention that the statute of limitations suspension is unavailable to taxpayers, we stated that *petitioner* could use Rev. Rul. 80–250, 1980–2 C.B. 278, and Rev. Proc. 81–27, 1981–2 C.B. 548,[4] to obtain deductions for

---

[2]All references to a Rule are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

[3]The order dated Nov. 4, 1983, that granted petitioner's motion also amended our original opinion to be consistent with this supplemental opinion.

[4]Rev. Rul. 80–250 and Rev. Proc. 81–27 provide a procedure whereby an estate files a supplemental Form 706 after the interest has accrued in order to obtain a deduction for any interest paid. Overpayments are credited against the unpaid installments in accordance with sec. 6403. If there is an overpayment after the final installment, the estate may file a

interest paid after the date of entry of our decision by filing a supplemental Form 706 after the interest has accrued. We further stated that petitioner may file a claim for refund in the event that the final total of petitioner's payments exceeds the ultimate estate tax liability. Second, we dismissed, in note 9 (slip opinion at 12), the parties' suggestion that this Court defer the entry of its decision until the 10-year installment period is concluded because of the inconvenience, hardship, and administrative expense such a procedure would entail.

In his motion, petitioner requests that we modify our opinion in one of the two following ways: (1) Find and order in our opinion and our decision that petitioner shall be entitled to use Rev. Rul. 80–250 and Rev. Proc. 81–27, *supra,* and to deduct for Federal estate tax purposes all the interest incurred on both the Federal and State estate tax liabilities, including interest accruing after the date of entry of the decision (first alternative request); or (2) defer entry of our decision until expiration of the Federal estate tax installment payment period elected by petitioner under section 6166 (second alternative request).

Respondent objects to petitioner's first alternative request because he contends that section 7459(c) and Rule 155 require that our decision specify a dollar amount and, therefore, preclude entry of a decision that would, by its terms, be an indefinite amount that changes over time. However, with respect to petitioner's second alternative request, respondent has repeatedly stated that he has no objection to carrying this case on his open docket until the final installment is due.

We agree with respondent that our decision in this case must specify a fixed dollar amount and, therefore, we reject petitioner's first alternative request. Section 6213(a)[5] provides

---

claim for refund. While taxpayers generally may use Rev. Rul. 80–250 and Rev. Proc. 81–27, petitioner in the instant case may not be able to use such procedures. See discussion in text beginning on p. 954 *infra.*

[5]SEC. 6213. RESTRICTIONS APPLICABLE TO DEFICIENCIES; PETITION TO TAX COURT.

(a) TIME FOR FILING PETITION AND RESTRICTION ON ASSESSMENT.—Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. Except as otherwise provided in section 6851 or section 6861 no assessment of a deficiency in respect of any tax imposed by subtitle A or B, chapter 41, 42, 43, 44, or 45 and no levy or proceeding in court for its collection shall

that within 90 days (or 150 days, where applicable) after the notice of deficiency is mailed, the taxpayer may file a petition with this Court for a *redetermination* of the deficiency. No assessment or collection of the deficiency shall be made until the decision of this Court becomes final.

Where a petition for a redetermination of the deficiency is filed and not dismissed, section 7459(c)[6] provides that a decision of this Court is rendered upon the date that an order that specifies the amount of the deficiency is entered in this Court's records. Section 6503(a)(1) provides that the statute of limitations on assessment and collection is suspended—

for the period during which the Secretary is prohibited from making the assessment or from collecting by levy or a proceeding in court (and in any event, if a proceeding in respect of the deficiency is placed on the docket of the Tax Court, until the decision of the Tax Court becomes final), and for 60 days thereafter.

The entire scheme of these sections necessarily indicates that this Court will redetermine a deficiency in the form of a specific dollar amount. Once the decision becomes final, the period for assessment and collection is no longer suspended and the Commissioner may proceed to collect the redetermined amount due. This statutory scheme would be frustrated if this Court were able to render a decision without fixing the

be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day or 150-day period, as the case may be, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court.

[6]SEC. 7459. REPORTS AND DECISIONS.

(c) DATE OF DECISION.—A decision of the Tax Court (except a decision dismissing a proceeding for lack of jurisdiction) shall be held to be rendered upon the date that an order specifying the amount of the deficiency is entered in the records of the Tax Court or, in the case of a declaratory judgment proceeding under part IV of this subchapter, or under section 7428, the date of the court's order entering the decision. If the Tax Court dismisses a proceeding for reasons other than lack of jurisdiction and is unable from the record to determine the amount of the deficiency determined by the Secretary, or if the Tax Court dismisses a proceeding for lack of jurisdiction, an order to that effect shall be entered in the records of the Tax Court, and the decision of the Tax Court shall be held to be rendered upon the date of such entry.

(d) EFFECT OF DECISION DISMISSING PETITION.—If a petition for a redetermination of a deficiency has been filed by the taxpayer, a decision of the Tax Court dismissing the proceeding shall be considered as its decision that the deficiency is the amount determined by the Secretary. An order specifying such amount shall be entered in the records of the Tax Court unless the Tax Court cannot determine such amount from the record in the proceeding, or unless the dismissal is for lack of jurisdiction.

redetermined amount of the deficiency and would also be in direct contravention to the provisions of section 7459(c). As previously stated, under section 7459(c), a decision is rendered on the date that an order specifying the *amount* of the deficiency is entered. Furthermore, Rule 155,[7] under which a decision will be entered in this case, contemplates that the decision of this Court be an exact amount of deficiency or overpayment. Rule 155 is consistent with the statutory scheme explained above.

Although we reject petitioner's first alternative request for the reasons stated above, we are granting petitioner's second alternative request because we agree with both petitioner and respondent[8] who contend that it is unlikely that petitioner will be able to use Rev. Rul. 80–250 and Rev. Proc. 81–27, *supra*, due to the provisions of section 6512(a).[9] The consequence of the operation of section 6512(a) and, therefore, of petitioner's inability to use Rev. Rul. 80–250 and Rev. Proc. 81–27, *supra*, is that petitioner will be foreclosed from claiming a legitimate deduction on the estate tax return for interest accruing on the deferred estate taxes after the date of entry of our decision.

---

[7] RULE 155. COMPUTATIONS BY PARTIES FOR ENTRY OF DECISION

(a) AGREED COMPUTATIONS: Where the Court has filed its opinion determining the issues in a case, it may withhold entry of its decision for the purpose of permitting the parties to submit computations pursuant to the Court's determination of the issues, showing the correct amount of the deficiency, liability, or overpayment to be entered as the decision. *If the parties are in agreement as to the amount of the deficiency or overpayment to be entered as the decision* pursuant to the findings and conclusions of the Court, they or either of them shall file promptly with the Court an original and two copies of a computation showing the amount of the deficiency, liability, or overpayment and that there is no disagreement that the figures shown are in accordance with the findings and conclusions of the Court. The Court will then enter its decision. [Emphasis added.]

[8] Respondent also contends that the principle of res judicata would bar the deductions for interest expenses by the estate for interest that accrues after the decision of this Court becomes final. Because of our consideration of sec. 6512(a), we need not address this argument. However, we do note that the respondent's contentions are not free from doubt. Compare *Cleveland v. Higgins*, 148 F.2d 722 (2d Cir. 1945), with *Martin v. Brodrick*, 177 F.2d 886 (10th Cir. 1949).

[9] The issue of whether sec. 6512(a) bars petitioner's claim for refund, and thus bars petitioner's use of Rev. Rul. 80–250 and Rev. Proc. 81–27, *supra*, in order to claim deductions for interest after the decision of this Court becomes final is not before this Court and we do not ultimately resolve it. We have examined the operation of sec. 6512(a) solely for the purpose of addressing petitioner's second alternative request, i.e., whether, in the interests of fairness and justice, we should defer entry of our decision in this case until the time that the final estate tax payment is due. Thus, we are addressing the likelihood of sec. 6512(a) barring petitioner's future use of Rev. Rul. 80–250 and Rev. Proc. 81–27, *supra*.

Our conclusion is based upon the express language of the statute, as interpreted by the cases to be discussed. Under section 6512(a),[10] if a taxpayer files a timely petition with this

---

[10]SEC. 6512. LIMITATIONS IN CASE OF PETITION TO TAX COURT.

(a) EFFECT OF PETITION TO TAX COURT.—If the Secretary has mailed to the taxpayer a notice of deficiency under section 6212(a) (relating to deficiencies of income, estate, gift, and certain excise taxes) and if the taxpayer files a petition with the Tax Court within the time prescribed in section 6213(a), no credit or refund of income tax for the same taxable year, of gift tax for the same calendar year or calendar quarter, of estate tax in respect of the taxable estate of the same decedent, of tax imposed by chapter 41, 42, 43, or 44 with respect to any act (or failure to act) to which such petition relates, or of tax imposed by chapter 45 for the same taxable period, in respect of which the Secretary has determined the deficiency shall be allowed or made and no suit by the taxpayer for the recovery of any part of the tax shall be instituted in any court except—

(1) As to overpayments determined by a decision of the Tax Court which has become final; and

(2) As to any amount collected in excess of an amount computed in accordance with the decision of the Tax Court which has become final; and

(3) As to any amount collected after the period of limitation upon the making of levy or beginning a proceeding in court for collection has expired; but in any such claim for credit or refund or in any such suit for refund the decision of the Tax Court which has become final, as to whether such period has expired before the notice of deficiency was mailed, shall be conclusive.

The origin of sec. 6512(a), as applied to estate taxes, is sec. 319(a), Revenue Act of 1926, ch. 27, 44 Stat. (Part 2) 84. The relevant language in these two sections is virtually the same. S. Rept. 52, 69th Cong., 1st Sess. (1926), 1939–1 C.B. (Part 2) 332, 351, explains the reasons for the enactment of sec. 319(a), Revenue Act of 1926, as follows:

"Under the existing law after the Commissioner has determined the deficiency and mailed notice thereof to the taxpayer, the taxpayer may appeal to the Board of Tax Appeals, but if the Board finds that there is a deficiency the taxpayer must pay the tax and proceed before the Department and the courts for a refund. The House bill institutes a system of appeals from the decisions of the Board to the circuit courts of appeals and from there on certiorari to the Supreme Court. The House bill also provides in section 281(d) that when the deficiency letter has been sent to the taxpayer, whether or not he takes the case to the Board of Tax Appeals, his right to claim or sue for a refund for the year to which the deficiency letter relates is forever barred. This provision seems to the committee too drastic, and it is accordingly proposed in section 284(d) of the bill that the taxpayer's right to claim and sue for refund shall be barred only if he takes the case to the Board, thus preserving to him the option of paying the tax and then proceeding before the Department and the courts to recover any excess payments by a claim or suit for refund.

"But if he does elect to file a petition with the Board his entire tax liability for the year in question (except in case of fraud) is finally and completely settled by the decision of the Board when it has become final, whether the decision is by findings of fact and opinion, or by dismissal, as in case of lack of prosecution, insufficiency of evidence to sustain the petition, or on the taxpayer's own motion. The duty of the Commissioner to assess the deficiency thus determined is mandatory, and no matter how meritorious a claim for abatement of the assessment or for refund he can not entertain it, nor can suit be maintained against the United States or the collector. Finality is the end sought to be attained by these provisions of the bill, and the committee is convinced that to allow the reopening of the question of the tax for the year involved either by the taxpayer or by the Commissioner (save in the sole case of fraud) would be highly undesirable."

Court after receiving a notice of deficiency, no credit or refund shall be allowed and no suit shall be instituted in any court.

In *Moir v. United States*, 149 F.2d 455 (1st Cir. 1945), the taxpayer, an executor of an estate, filed a petition with the Board of Tax Appeals for a redetermination of an estate tax deficiency. After the Board's opinion in that case was filed, the taxpayer paid the redetermined deficiency, and, after the decision of the Board became final, filed a claim for refund based on expenses for attorney's fees that had not been previously allowed. The claim was disallowed by the Commissioner on the ground that the refund was precluded by section 319(a), Revenue Act of 1926, as amended (see note 10 *supra*). Thereafter, a suit for refund was instituted by the taxpayer. The Court of Appeals held that the predecessor to section 6512(a) barred the taxpayer's action, even though the attorney fees could not have been reasonably estimated prior to the proceedings before the Board. The Court of Appeals, 149 F.2d at 460, further stated as follows:

> It may be that the strict provisions of Section 319(a), as we have applied them here, do work a hardship on taxpayers in certain situations. For instance, losses from fire or theft incurred during the settlement of the estate are deductible from the gross estate under Section 303(a)(1). Appellant points out that if, after a decision of the Tax Court redetermining a deficiency has become final, the estate should suffer such a loss, the executor would be utterly without any remedy to obtain the corresponding refund under the literal reading of Section 319(a); this, despite the fact that the deductibility of such loss could not have been litigated in the Tax Court proceedings because it had not then occurred. * * * But relief from such hardships, if they exist, must come from Congress, by appropriate modification of the section. It does seem that the possibly harsh operation of Section 319(a) in situations like the present, and in other exceptional cases which might be suggested, deserves consideration by the Congress.

In *Empire Trust Co. v. United States*, 214 F. Supp. 731 (D. Conn. 1963), affd. per curiam 324 F.2d 507 (2d Cir. 1963), the facts were similar to those in *Moir v. United States, supra*. The expenses that were the subject of the claim and the suit for refund were additional administration expenses and additional State inheritance taxes. The former expenses were incurred

---

The 1939 Code predecessor to sec. 6512(a), as applied to estate taxes, was sec. 911, I.R.C. 1939. Again, the relevant language of sec. 911, I.R.C. 1939, is virtually the same as that of sec. 6512(a).

either after or during the litigation in the Tax Court and the latter expenses were a direct result of the decision of the Tax Court. The court in *Empire Trust* held that section 911, I.R.C. 1939,[11] barred the tax refund suit because of the prior filing by the taxpayer of a petition in the Tax Court. The court found that section 911, 1939 Code, was a statute of limitations section and that after a filing of a petition in the Tax Court for a redetermination of an estate tax deficiency, the District Court has no jurisdiction over a subsequent suit for a refund of estate taxes.[12] This conclusion is consistent with our interpretation of section 6512(a) in *Dorl v. Commissioner*, 57 T.C. 720, 721–722 (1972), affd. 507 F.2d 406 (2d Cir 1974), wherein we stated that—

it is the taxpayer's action in filing a valid petition in the Tax Court, under circumstances which give the Tax Court jurisdiction, and not any action taken by the Court, that bars a subsequent refund suit in the U.S. District Court. [Citations and fn. ref. omitted.]

Like the Court of Appeals in *Moir v. United States, supra,* the District Court in *Empire Trust Co. v. United States,* 214 F. Supp. at 735, commented on the harshness of this result as follows:

As so often happens in applying statutes of limitations, the result here is a harsh one. Balanced against such a harsh result are the usual considerations of public policy reflected in legislative enactment of statutes of limitations; in particular, this statute of limitations reflects Congressional policy of doing away with uncertainty and delay in the assessment and collection of federal estate taxes. * * *

But the harshness of this statute of limitations has been recognized, as in Moir, where the deductibility of the expense in question in the subsequent action in the District Court could not have been litigated in the Tax Court. Moir v. United States, supra at 460. * * *

Based on the foregoing, we think that it is unlikely that petitioner will be able to use Rev. Rul. 80–250 and Rev. Proc. 81–27, *supra,* in order to obtain an estate tax deduction for

---

[11]As applicable to estate taxes, sec. 6512(a) as enacted in the 1954 Code contained no material change from sec. 911, I.R.C. 1939. S. Rept. 1622, 83d Cong., 2d Sess. 586 (1954). See note 10 *supra.*

[12]But see *Lakovich v. Commissioner,* an unreported case (D. Colo. 1980, 46 AFTR 2d 80–5037, 80–1 USTC par. 9366), wherein the court held that it has jurisdiction over a refund suit because sec. 6512(a) does not apply to a claim for refund that is *based upon* a Tax Court decision and is not in conflict with that decision.

interest accruing on the tax liabilities after the decision in this case is entered. Like the Courts in *Moir v. United States*, *supra*, and *Empire Trust Co. v. United States*, *supra*, we are troubled by the harshness of section 6512(a) with respect to estate tax cases. Therefore, in the interests of fairness and justice and in light of the fact that respondent has no objection, we agree to postpone entry of our decision in this case until the final installment of the estate tax liability is due, or paid, whichever is earlier. We have modified our original opinion in this case to be consistent with this conclusion.

However, holding these cases open results in inconvenience, hardship, and administrative expenses to this Court and to the parties involved. With our holding in this case that interest expenses are deductible only when they accrue, we fear that the number of taxpayers who find themselves in petitioner's situation may increase. Therefore, we think that a congressional solution to this problem is needed.

To reflect the foregoing,

*An appropriate order has been issued.*