ESTATE OF BLISS R. SPILLAR, SR., DECEASED, MARGARET JEAN SPILLAR SHEPARD, INDEPENDENT CO-EXECUTRIX, AND AUSTIN NATIONAL BANK, INDEPENDENT CO-EXECUTOR, Petitioners, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Spillar v. Commissioner
Docket No. 7677-81.
United States Tax Court
T.C. Memo 1985-529; 1985 Tax Ct. Memo LEXIS 101; 50 T.C.M. (CCH) 1285; T.C.M. (RIA) 85529; October 10, 1985. Philip C. Joseph, for the petitioner. Ana G. Cummings, for the respondent. WRIGHT
MEMORANDUM OPINION WRIGHT, Judge:* Respondent determined a deficiency in petitioner's Federal estate tax return in the amount of $70,582.00. After concessions, the issues for decision are (1) whether petitioner, on its Federal estate tax return, can deduct various types of estimated post-death interest; (2) whether petitioner may claim a state death tax credit on its Federal estate tax return for state inheritance taxes which are being paid in installments; and (3) to the extent any interest which was deducted on petitioner's estate tax return is found not to be deductible, whether the decision of this Court will be postponed until the final installment *106 of the estate tax is due or paid, whichever is earlier. The facts have been stipulated and are so found. The stipulation of facts and exhibits thereto are incorported herein by this reference. Bliss R. Spillar, Sr. (hereinafter "decedent") died on April 19, 1977, and at the time of his death was a resident of Hays County, Texas. Austin National Bank and Margaret Jean Spillar Shepard were named independent co-executors (hereinafter "executors") of the decedent's estate (hereinafter "estate" or "petitioner"). At the time the petition herein was filed, Austin National Bank maintained its principal office in Austin, Texas, and Margaret Jean Spillar Shepard was a resident of Austin, Texas. Decedent left a gross estate of $690,391.00, of which $674,385.00, or 97.68 percent of the total, was attributable to decedent's interest in real and personal property devoted to his ranching business. Prior to decedent's death, the ranch was owned by decedent and his spouse as community property and operated as a sole proprietorship. It is now being operated as a partnership. *107 The interests in the partnership are held by the estate and by decedent's spouse. On January 19, 1978, the executors timely filed an estate tax return with respondent. Page one of the return showed the following: Total gross estate
$690,391.00
Total deductions
$195,512.00
Taxable estate
$494,879.00
Gross estate tax
$154,058.86
Unified credit
$ 30,000.00
Credit for state death taxes
$ 9,836.13
Net estate tax
$114,222.73
The return reflected a total deduction of $189,843.00 for administrative expenses, which consisted of $5,625.00 for executors' commissions, $7,300.00 for attorney's fees, $2,068.00 for miscellaneous costs, and $174,850.00 for various estimated post-death interest expenses. Also on January 19, 1978, petitioner filed an election under section 6166(a)(1) [1] to pay 97.68 percent of the estate tax in ten annual installments. In addition, petitioner timely filed an election pursuant to section 6166(a)(3) to defer payment of the first installment until January 19, 1983. *108 Petitioner also filed an application to defer payment of all installments of tax to be paid under section 6166 until January 19, 1993, pursuant to section 6166(a)(2)(B). Respondent deferred action on this application. On January 19, 1983, when the first installment of tax under section 6166 was due, petitioner filed an application for extension until January 19, 1984, pursuant to section 6161(a)(2)(B). This application was granted. On January 19, 1984, another application for extension was filed which was pending on the date of trial in this case. On January 19, 1978, petitioner submitted an application for a maximum 10-year extension of time (until January, 1988), in which to pay that portion of the Federal estate tax which did not qualify for installment privileges under section 6166. A one-year extension, until January 19, 1979, was granted by respondent. Petitioner thereafter annually filed applications to extend this liability. As of the date of trial in this case, the application filed January 19, 1984, was pending and each of the previous applications had been granted. Petitioner timely filed with the Texas Comptroller of Public Accounts a request for a nine-installment *109 payout period after payment of the initial installment for Texas inheritance taxes under Tex. Tax.-Gen. Ann. art. 14.16(A)(Vernon 1982). This request was granted. Prior to the filing of petitioner's Federal estate tax return, the executors obtained an oral commitment from the Austin National Bank to lend the estate any funds necessary for payment of interest, Federal estate tax, Texas inheritance tax and administrative expenses. By the time the Federal estate tax return was filed, petitioner had borrowed $983.62 from the Austin National Bank. The promissory note executed in connection with this loan does not contain a provision for prepayment penalties. Subsequent loans and renewals of loans have been made to petitioner by the Austin National Bank. The total principal amount of loans outstanding at the date of trial was $94,320.52. The total estimated post-death interest deducted from the gross estate on petitioner's return was $174,850.00. This amount was the sum of the following: (a) estimated post-death interest
(under section 6601(j)) on
Federal estate taxes deferred
pursuant to section 6166
$42,397.00
(b) estimated post-death interest
(under section 6601(a)) on
Federal estate taxes deferred
pursuant to sections 6161(a)(2)(A)
and 6161(a)(2)(B)
$38,410.00
Total estimated post-death interest
on Federal estate tax
$ 80,807.00
(c) estimated post-death interest
on Texas inheritance tax
$ 2,656.00
(d) estimated post-death interest
on bank loans obtained to make
interest and principal payments
on Federal estate tax liability
and Texas inheritance tax liability
$ 91,387.00
Total estimated post-death interest
$174,850.00
*110 The interest rates used to determine these estimated interest expenses are as follows: Type of Interest
Time Period
Rate
(a) Section 6166
All
4%
(b) Section 6161(a)(2)(A) & (B)
1/18/78-1/31/78
7%
Remainder
6%
(c) State of Texas
All
6%
(d) Austin National Bank
All
9%
As of the date of trial, petitioner had paid a total of $59,738.09 in interest expenses, as follows: State
Legal and
Date
Sec. 6161
Sec. 6161(a)(2)
of Texas
Loans
Executors' Fees
1/19/78-
1/19/79
$ 4,462.92
$ 160.13
$ 650.85 48.67
1/19/79-
1/19/80
4,462.92
159.00
600.32
530.67
1/19/80-
1/19/81
4,462.92
313.40
623.63
1,085.13
1/19/81-
1/19/82
4,462.92
317.97
564.73
2,255.12
5,035.19
1/19/82-
1/19/83
* 4,471.96
521.69
679.12
3,452.68
5,469.25
1/19/83-
1/19/84
4,097.79
1,950.66
567.88
3,690.30
4,640.27
Total
$26,421.43
$3,422.85
$3,686.53
$11,062.57
$15,144.71
The interest rates used in computing these expenses are as follows: Type of Interest
Time Period
Rate
Deferral under sec. 6166
1/18/78-present
4%
Deferral under
sec. 6161(a)(2)(A) & (B)
1/18/78-1/31/78
7%
2/1/78-1/31/80
6%
2/1/80-1/31/82
12%
2/1/82-12/31/82
20%
1/1/83-6/30/83
16%
7/1/83-present
11%
State of Texas
1/18/78-12/31/80
6%
1/1/80-12/31/81
7%
1/1/82-present
10%
Austin National Bank
1/18/78-1/15/79
9%
1/16/79-10/9/79
10.5%
10/10/79-4/24/80
13%
4/25/80-7/30/80
14%
7/31/80-1/25/81
11%
1/26/81/7/19/81
14%
7/20/81-present
*
*111 The interest rates for each category of interest were established as follows: (a) Section 6166: by section 6601(j), subject to change by Congress. (b) Section 6161(a)(2)(A) and (B): by sections 6601(a) and 6621, which gives the Secretary the authority to alter the rate (biannually before August 14, 1981; annually from August 14, 1981 through December 31, 1982; semi-annually thereafter). (c) State of Texas: By Tex. Tax.-Gen. Ann. art. 14.17 (before January 1, 1982) and Tex. Tax Code Ann. §§ 211.259 and 111.060 (Vernon 1982) (after January 1, 1982), subject to change by the Texas Legislature. (d) Austin National Bank: fluctuates with the Austin National Bank prime rate. All types of interest described above will continue to accrue until the liabilities are paid. Each type of interest is deemed to be an allowable administration expense under the law of the jurisdiction in which the estate is being administered. None of this interest has been deducted by the decedent's estate for income tax purposes. The statutory notice of deficiency which forms the basis for this case was mailed to petitioner *112 on January 15, 1981. Respondent determined a deficiency in petitioner's Federal estate tax in the amount of $70,582.00. This deficiency was based on the following adjustments to petitioner's Schedule J: Per Return
Allowed
Adjustment
(a) Interest on deferred payment
of Federal estate tax pursuant
to I.R.C. §§ 6166 and 6161(a)(2)
$ 80,807.00
$4,615.00
$ 76,192.00
(b) Interest on deferred payment
of Texas inheritance tax
2,656.00
404.00
2,252.00
(c) Interest on Austin National
Bank loans
91,387.00
27.00
91,360.00
Totals
$174,850.00
$5,046.00
$169,804.00
The amounts allowed by respondent in the notice of deficiency were discounted to the date of death using a 10 percent discount factor. However, respondent has conceded for purposes of this case that the amount of the deduction should not be discounted to present value. Further, respondent allowed only $1,928.00 of the $9,836.13 claimed as a credit for state death taxes on petitioner's estate tax return, alleging that petitioner had substantiated a payment of $1,928.00. As of the date of trial in this case, $7,375.99 of the $9,836.13 claimed as a credit for state death taxes had been *113 paid. Respondent has conceded that if, as a result of this Court's decision, petitioner owes a deficiency to respondent, petitioner will be entitled to an additional credit for state death taxes which are actually paid and substantiated. Respondent has further conceded that interest on a deficiency owed by petitioner as a result of this Court's decision would be a deductible administration expense to the extent it is paid or accrued. (1) Deductibility of Projected Post-Death Interest The first issue for consideration is the deductibility of projected amounts of interest on decedent's Federal estate tax return. On decedent's Federal estate tax return, the executors claimed as a deduction for administration expenses pursuant to section 2053(a)(2) an amount constituting the total projected interest expense that they estimated the estate would incur. This amount includes estimated interest expenses on installment payments of Federal estate taxes under sections 6161 and 6166, state inheritance taxes, and bank loans incurred to pay Federal and state death taxes. Respondent, in his notice of deficiency, disallowed deductions for interest expenses not yet paid or accrued on the basis *114 that they were neither ascertainable with reasonable certainty nor certain to be paid. Petitioner bears the burden of proving entitlement to the claimed deductions. Welch v. Helvering,290 U.S. 111, 115 (1933); Rule 142(a). For the following reasons, we find that petitioner has failed to meet this burden. The situation in the instant case is substantially identical to that considered by this Court in Estate of Bailly v. Commissioner,81 T.C. 246 (1983), supplemental opinion 81 T.C. 949 (1983). The types of interest considered in Bailly were interest on state inheritance taxes, determined under Florida law, and interest on installment payments of Federal estate taxes under section 6166 determined by section 6621(b). In the instant case, two additional types of interest are at issue: (1) interest on deferred payments of Federal estate taxes under section 6161 and (2) interest on bank loans incurred to pay Federal and state taxes and other administration expenses. The same rules which govern the deductibility of the types of interest considered by this Court in Bailly, however, govern the deductibility of all types of interest *115 involved herein. Projected interest must meet the requirements of section 2053 in order to be deductible on an estate tax return. Section 2053 provides that the value of decedent's taxable estate shall be determined by deducting from the value of the gross estate amounts allowable as administration expenses by the jurisdiction in which the estate is being administered. Sec. 2053(a)(2). Petitioner and respondent agree that the types of interest incurred by petitioner in the instant case are allowable administration expenses under Texas law and are generally deductible as administration expenses under section 2053(a)(2). Estate of Bailly v. Commissioner,supra, (interest on Federal estate tax under section 6166 and state inheritance tax); Estate of Bahr v. Commissioner,68 T.C. 74 (1977) (interest on Federal estate tax under section 6161); Estate of Todd v. Commissioner,57 T.C. 288 (1971) (interest paid to a third party lender on money borrowed to pay Federal and state estate taxes). They disagree, however, as to the timing of the deduction. Petitioner asserts that the estimated amounts of interest at issue herein are deductible on the *116 original estate tax return. Respondent has determined that they must await accrual prior to deduction. In order to be deductible under section 2053(a)(2), the interest expense must meet the two-pronged test of section 20.2053-1(b)(3), Estate Tax Regs. Estate of Bailly v. Commissioner,supra. This section provides that: An item may be entered on the return for deduction though its exact amount is not then known, provided it is ascertainable with reasonable certainty, and will be paid. No deduction may be taken upon the basis of a vague or uncertain estimate. * * * [Emphasis added.] Any deduction which does not meet both prongs of the two-pronged test of section 20.2053-1(b)(3) of the Estate Tax Regulation is deductible only as it accrues. Estate of Bailly v. Commissioner,supra at 252; Rev. Rul. 80-250, 1980-2 C.B. 278; Sec. 20.2053-3(a), Estate Tax Regs. In considering the deductibility of projected interest in Bailly, this Court concluded that due to the fluctuation of interest rates and the possibility of acceleration or prepayment of the liabilities underlying the interest deductions, the amounts of interest could not *117 be determined with reasonable certainty until they had accrued. Therefore, the projected interest did not meet the two-pronged test of section 20.2053-1(b)(3) and could not be deducted on decedent's original estate tax return. The deductions claimed by petitioner herein also fail the two-pronged test of section 20.2053-1(b)(3). While the rate of interest on estate taxes deferred under section 6166 has remained constant, the rates of interest on petitioner's Federal estate tax deferral under section 6161 and state inheritance tax liabilities and on the Austin National Bank loan fluctuated considerably from the date the original return was filed to the date of trial in this case. The interest rate on the Federal estate tax deferral under section 6161 rose from 7 percent when the return was filed to 20 percent in 1982, and subsequently fell to 11 percent. See secs. 6601(a) and 6621. The interest rate on state inheritance taxes rose from 6 percent when the return was filed to 10 percent as of the date of trial. The interest rate on the Austin National Bank loan rose from 9 percent to 14 percent and now fluctuates with the Austin National Bank prime rate. Because these interest *118 rates are subject to such fluctuation, we conclude that the amount of interest is not ascertainable with reasonable certainty. Thus, projected interest claimed by petitioner on Federal estate tax liabilities under section 6161, state inheritance tax liabilities, and Austin National Bank loans fails the first prong of the two-pronged test to determine deductibility under section 20.2053-1(b)(3), Estate Tax Regs. None of the types of interest involved in the instant case meet the second prong of the test under section 20.2053-1(b)(3). This prong requires that, in order to be deductible, an estimated amount will be paid. Under section 6166(g), the entire amount of the estate tax liability which was deferred must be paid upon notice and demand if a portion of the interest in the business which qualified for the deferral is sold, exchanged or otherwise disposed of. Sec. 6166(g)(1)(A). [2] Thus, if the ranch owned by the estate were sold, or if the estate failed to make a payment of principal or interest when due, the estate tax would be accelerated and the projected interest on deferrals under sections 6166 and 6161 would never be paid. In addition, the estate is not required to extend *119 payments over the full deferral period merely because an election to defer estate taxes has been made; payment of all estate taxes remaining due may be made at any time within that period. Under Texas law, also, an estate may voluntarily accelerate payment of inheritance taxes. Tex. Tax.-Gen. Ann. art. 14.16(A)(Vernon 1982). There is no penalty for prepayment of the Austin National Bank loan. Petitioner argues that the possibility of prepayment of any of these liabilities is remote. However, "[w]hile these possibilities may appear remote, they are still factors that would render uncertain petitioner's payment of interest." Estate of Bailly v. Commissioner,supra at 252. Thus, petitioner cannot say that the amount of interest deducted on the estate tax return will be paid. Therefore, with respect to each of the four types of interest, petitioner's deduction fails the second prong of the two-pronged test under section 20.2053-1(b)(3), Estate Tax Regs. *120 Because petitioner has not shown that the estimated amounts claimed as deductions on the original estate tax return are ascertainable with reasonable certainty and that they will be paid, petitioner has not met its burden of proof on this issue. Petitioner argues at length that its reading of the regulations under section 2053, the legislative history of that section, and various code sections support the deductibility of estimated amounts. We agree that estimated amounts of administration expenses are deductible when they are ascertainable with reasonable certainty and will be paid. Petitioner's arguments, however, offer no support for its position that the projected interest at issue herein is deductible. (2) Credit for State Death Taxes The second issue for consideration is whether petitioner may claim a state death credit on its Federal estate tax return for state inheritance taxes which are being paid in installments. Under section 2011, an estate may claim a credit against the Federal estate tax for state inheritance taxes actually paid to any state. Sec. 2011(a). This credit applies to state taxes paid and claimed within four years of the filing of the original estate *121 tax return. Sec. 2011(c). Where the taxpayer has filed a petition with this Court, the period of limitations will be extended until 60 days after the decision of this Court becomes final. Sec. 2011(c)(1). The period of limitations is also extended in cases where the taxpayer has elected to pay the Federal estate tax in installments under section 6161 or section 6166 until the expiration of the period of such extension. Sec. 2011(c)(2). Both section 2011(a) and section 2011(c) require that state death taxes be "actually paid." Petitioner asserts, however, that it is entitled to claim the entire amount of state death taxes, which are being paid on an installment basis, as a credit against Federal estate taxes on the original Federal estate tax return. Petitioner attempts to support this assertion by arguing that, if an estate has elected to pay the Federal estate tax in installments under section 6161 or section 6166, it may claim the credit for state death taxes at any time within the period of extension under those sections. Petitioner has cited no authority in support of its position, nor have we found any. While section 2011(c)(2) does permit the claim for credit to be made *122 during this period, this exception to the general rule of section 2011(c) relates only to the time in which the claim is made and not to the requirement of actual payment contained in sections 2011(a) and (c). Petitioner also argues that the extension of time to pay the state inheritance taxes should be treated as a loan obtained to make payment of these taxes possible, citing Estate of Bahr v. Commissioner,68 T.C. 74 (1977). In Bahr, this Court held that where the taxpayer is paying Federal estate tax in installments, the government is acting as a lender. Estate of Bahr v. Commissioner,supra at 82. However, the function of this analogy was to allow the Court to find that interest on installment payments of Federal estate taxes was a deductible administration expense under section 2053. The issue here is not the deductibility of interest, however, but the allowance of a credit for payment of the tax itself. Section 2011(a) states that state inheritance taxes must actually be paid in order to be eligible for the credit. Payment means the outlay of cash or its equivalent. Eckert v. Burnet,283 U.S. 140 (1931); Helvering v. Price,309 U.S. 409 (1940). *123 Petitioner is entitled to a credit for state inheritance taxes which have been paid and credit therefor claimed within 60 days after the decision of this Court becomes final. Sec. 2011(c)(1). (3) Postponement of Entry of Decision The final issue for consideration is the postponement of entry of this Court's decision until the final installment of petitioner's estate tax becomes due or is paid. Because we have held that the projected interest estimated by petitioner is not deductible on the initial estate tax return, but must await accrual, entry of decision prior to the payment of the final installment of petitioner's estate tax may result in petitioner's loss of the ability to deduct interest expenses which are currently unaccrued. Once an estate has filed a petition with this Court for redetermination of a deficiency, the estate cannot subsequently file a claim for a refund. Sec. 6512(a). Thus, if we were to enter a decision in the instant case prior to the payment of all installments of petitioner's estate tax, petitioner would be unable to file suit for a refund based on the deductibility of interest accruing alter entry of our decision. Estate of Bailly v. Commissioner,81 T.C. 949, 955-956 (1983) *124 (supplemental opinion). Further, decisions of this Court must be entered in a dollar amount. Sec. 7459(c); Rule 155. Thus, we are unable to enter a decision ordering that petitioner use the procedure contained in Rev. Proc. 81-27, 1981-2 C.B. 548, which would require that petitioner file supplemental estate tax returns with respondent in order to recompute the amount of tax due after administration expenses have been paid. Estate of Bailly v. Commissioner,supra at 952. Petitioner argues that the interests of fairness and justice will be better served by postponing the entry of decision in this case, as in Bailly, until after the final installment of petitioner's Federal estate tax becomes due or is paid. Respondent attempts to differentiate Bailly by arguing that seven of the ten installments of Federal estate tax due in Bailly had been paid prior to trial, while in the instant case, only one installment had been paid. We fail to see the logic in this argument. If anything, the greater number of outstanding installments here makes petitioner's position more viable. If we were to enter a decision now, petitioner would be precluded *125 from deducting interest on the remaining nine installments, rather than the three installments which were unpaid in Bailly.
Respondent further requests that we enter a decision on the substantive issues involved and allow the parties to implement procedures to comply with our decision among themselves. This we decline to do. Should the parties fail to agree, respondent could assess any deficiency 60 days after we enter a decision. Sec. 6503(a)(1). Petitioner would be precluded from filing suit for a refund of after-accrued interest. Sec. 6512(a). As in Bailly, "we are troubled by the harshness of section 6512na) with respect to estate tax cases." Estate of Bailly v. Commissioner,supra at 958. Therefore, we postpone entry of our decision in this case until the final installment of estate tax becomes due or is paid, whichever is earlier. To reflect concessions and the foregoing, An appropriate order will be issued.
Footnotes
*. By order of the Chief Judge this case was reassigned from Judge Edna G. Parker to Judge Lawrence A. Wright↩.
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year here in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure unless otherwise indicated.↩
*. Interest accruing after December 31, 1982, is compounded daily. Section 6622.↩
*. Fluctuates with Austin National Bank prime rate.↩
2. If an estate fails to make an installment payment of principal or interest on the date fixed for payment under section 6166, the entire balance of the estate tax becomes due on notice and demand. Sec. 6166(g)(3)(A).↩