ROBERT LAVON HAWKINS AND PAMELA HAWKINS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hawkins v. Commissioner
Docket No. 1164-91
United States Tax Court
T.C. Memo 1994-441; 1994 Tax Ct. Memo LEXIS 449; 68 T.C.M. (CCH) 643; August 29, 1994, Filed *449 An appropriate order will be issued denying petitioner's motion. Robert Lavon Hawkins, pro se. For respondent: James F. Mauro. LARO
LARO
SUPPLEMENTAL MEMORANDUM OPINION LARO, Judge: Petitioner Robert Lavon Hawkins moved under Rule 161 [1] for reconsideration of our opinion in the above-entitled case set forth at T.C. Memo. 1993-517, in light of the U.S. Supreme Court's decision in Department of Revenue v. Kurth Ranch, 511 U.S.    , 114 S. Ct. 1937 (1994). The granting of petitioner's motion rests within the discretion of the Court. Leuhsler v. Commissioner, 963 F.2d 907, 911 (6th Cir. 1992), affg. T.C. Memo. 1991-179; Louisville & N.R. v. Commissioner, 641 F.2d 435, 443-444 (6th Cir. 1981), affg. on this issue 66 T.C. 962 (1976); Estate of Halas v. Commissioner, 94 T.C. 570, 574 (1990); Vaughn v. Commissioner, 87 T.C. 164, 166 (1986). The Court generally denies such a motion unless unusual circumstances or substantial error is shown. Estate of Halas v. Commissioner, supra; *450 Vaughn v. Commissioner, supra at 167; Estate of Bailly v. Commissioner, 81 T.C. 949, 951 (1983); Haft Trust v. Commissioner, 62 T.C. 145, 147 (1974), affd. on this issue 510 F.2d 43, 45 n.1 (1st Cir. 1975). The Court prefers to try all the issues raised in the case in a single proceeding to avoid piecemeal and protracted litigation. Markwardt v. Commissioner, 64 T.C. 989, 998 (1975), and cases there cited; see Standard Knitting Mills, Inc. v. Commissioner, 141 F.2d 195, 198-199 (6th Cir. 1944), affg. 47 B.T.A. 295 (1942); cf. Naftel v. Commissioner, 85 T.C. 527, 535 (1985). In Hawkins v. Commissioner, T.C. Memo. 1993-517, *451 we held petitioners liable for deficiencies in Federal income tax attributable to unreported income from illegal drug-trade activities. We also held petitioners liable for the additions to tax for: (1) Failure to file timely, (2) negligence, and (3) failure to pay estimated tax. In Department of Revenue v. Kurth Ranch, supra, the U.S. Supreme Court ruled that Montana's Dangerous Drug Tax Act (the Act) is unconstitutional as violative of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. Petitioner argues that the Court's decision in Department of Revenue v. Kurth Ranch, supra, precludes respondent from collecting any tax on the basis of a drug conviction unless it is part of the taxpayer's criminal proceeding. We disagree. Imposing Federal income tax deficiencies and additions to tax on petitioner does not violate the Double Jeopardy Clause of the Fifth Amendment. See, e.g., Ianniello v. Commissioner, 98 T.C. 165 (1992). The issue in Department of Revenue v. Kurth Ranch, supra, was whether the Act is unconstitutional as violative of the Double Jeopardy Clause of the Fifth Amendment to the *452 United States Constitution. The Act imposes a tax "on the possession and storage of dangerous drugs", and expressly provides that the tax is to be "collected only after any state or federal fines or forfeitures have been satisfied". Mont. Code Ann. sec. 15-25-111 (1992). The tax is either 10 percent of the assessed value of the drugs as determined by the Montana Department of Revenue or a specified amount depending on the drug, whichever is greater. Mont. Code Ann. sec. 15-25-111(2) (1992). In Department of Revenue v. Kurth Ranch, supra, after six individuals pleaded guilty to drug charges, the Department of Revenue of Montana sought to collect from them almost $ 900,000 in taxes and penalties under the Act. The U.S. Supreme Court stated that the tax was imposed on them at a "remarkably" high rate, and that it is exacted only from persons who have been arrested for the commission of a crime, namely the possession or storage of dangerous drugs. Department of Revenue v. Kurth Ranch, 511 U.S. at    , 114 S. Ct. at 1946-1947. The Court held that the Act was of a punitive, rather than remedial, character and thus violated the Double Jeopardy Clause of the Fifth *453 Amendment to the Constitution. The Court relied on United States v. Halper, 490 U.S. 435, 448-449 (1989), which held that "a defendant who already has been punished in a criminal prosecution may not be subjected to an additional civil sanction to the extent that the second sanction may not fairly be characterized as remedial, but only as a deterrent or retribution." The U.S. Supreme Court stated that the Montana Dangerous Drug Tax is: not the kind of remedial sanction that may follow the first punishment of a criminal offense. Instead, it is a second punishment within the contemplation of a constitutional protection that has "deep roots in our history and jurisprudence," * * * and therefore must be imposed during the first prosecution or not at all. The proceeding Montana initiated to collect a tax on the possession of drugs was the functional equivalent of a successive criminal prosecution that placed the Kurths in jeopardy a second time "for the same offense." [Department of Revenue v. Kurth Ranch, 114 S. Ct. at 1948 (citing United States v. Halper, 490 U.S. at 440).]
Unlike the *454 punitive tax involved in Department of Revenue v. Kurth Ranch, supra, which is conditioned on the commission of a crime, petitioner's Federal income tax deficiencies and additions to tax do not have the intention or effect of punishing the taxpayer. Therefore, these taxes are properly characterized as remedial. Helvering v. Mitchell, 303 U.S. 391, 401-402 (1938). As remedial sanctions, the imposition of these taxes and additions does not violate the constitutional protections against double jeopardy. Ianniello v. Commissioner, 98 T.C. 165, 184 (1992); see also Miller v. Commissioner, T.C. Memo. 1994-249; McNichols v. Commissioner, T.C. Memo. 1993-61, affd. 13 F.3d 432 (1st Cir. 1993). For the foregoing reasons, An appropriate order will be issued denying petitioner's motion. Footnotes
1. Unless otherwise indicated, Rule references are to the Tax Court Rules of Practice and Procedure, and section references are to the Internal Revenue Code.↩