James L. ENOCHS, United States District Director of Internal Revenue for the District of Mississippi, Appellant,

v.

Kenneth MUSE and Winnie Muse, Appellees.

No. 17667.

United States Court of Appeals
Fifth Circuit.

Sept. 25, 1959.

Charles K. Rice, Asst. Atty. Gen., Robert E. Hauberg, U. S. Atty., Jackson, Miss., Lee A. Jackson, Grant W. Wiprud, I. Henry Kutz, Fred E. Youngman, Attys., Dept. of Justice, Washington, D. C., for appellant.

L. Lamar Beacham, Jackson, Miss., for appellee.

Before RIVES, Chief Judge, and CAMERON and JONES, Circuit Judges.

JONES, Circuit Judge.

The appellees, Kenneth Muse and Winnie Muse, are husband and wife. They will be referred to in this opinion as the taxpayers. They filed within the prescribed time a joint income tax return for the year 1956 and paid the tax as shown by the return to be owing. Thereafter the District Director determined that the taxpayers had underpaid estimated tax under the provisions of Section 6654 of the Internal Revenue Code of 1954.[1] The

1. "In the case of any underpayment of estimated tax by an individual, except as provided in subsection (d), there shall be added to the tax under chapter 1 for the

Director made an assessment in the amount of $204.23 and demanded payment. The taxpayers brought suit seeking an injunction against the collection of the assessment by levy or otherwise claiming that the assessment is void because of the failure to give the notice as required by the statute.[2] The District Director moved for a summary judgment on the ground that the addition to the tax under Section 6654 was not a deficiency as that term is defined in Section 6211,[3] and therefore the complaint did not state a claim on which relief could be granted. The district court overruled the District Director's motion and he answered. The taxpayers moved for a summary judgment and their motion was granted. A perpetual injunction was granted against levying upon the taxpayers' property or taking other steps to collect the assessment. The district court's reasons for its judgment appear in its opinion. Muse v. Enochs, D.C., 164 F.Supp. 561. The District Director has appealed.

"Tax", unless otherwise provided, includes additions to the tax and becomes payable, upon notice and demand, pursuant to the provision of the 1954 Code,[4] in the same manner as taxes. It seems clear that under the quoted statutory provisions the item here involved is an addition to the tax which is to be treated and collected and paid in the same manner as a tax. The addition here demanded by the District Director was a deficiency with respect to which the taxpayers were entitled to the statutory ninety-day notice and the related right to file a petition with the Tax Court. This being so the injunction was authorized by the Act. 26 U.S.C.A. §§ 6212(a), 6213(a), 7421 (a). Granquist v. Hackleman, 9 Cir.,

---

taxable year an amount determined at the rate of 6 percent per annum upon the amount of the underpayment (determined under subsection (b)) for the period of the underpayment (determined under subsection (c))." 26 U.S.C.A. § 6654(a).

**2.** "If the Secretary or his delegate determines that there is a deficiency in respect of any tax imposed by subtitles A or B, he is authorized to send notice of such deficiency to the taxpayer by registered mail." 26 U.S.C.A. § 6212(a).

"Within 90 days, or 150 days if the notice is addressed to a person outside the States of the Union and the District of Columbia, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. Except as otherwise provided in section 6861 no assessment of a deficiency in respect of any tax imposed by subtitle A or B and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day or 150-day period, as the case may be, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. Notwithstanding the provisions of section 7421(a), the making of such as-

sessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court." 26 U.S.C.A. § 6213(a).

**3.** "For purposes of this title in the case of income, estate, and gift taxes, imposed by subtitles A and B, the term 'deficiency' means the amount by which the tax imposed by subtitles A or B exceeds the excess of—

"(1) the sum of

"(A) the amount shown as the tax by the taxpayer upon his return, if a return was made by the taxpayer and an amount was shown as the tax by the taxpayer thereon, plus

"(B) The amounts previously assessed (or collected without assessment) as a deficiency, over—

"(2) the amount of rebates, as defined in subsection (b) (2), made." 26 U.S. C.A. § 6211(a).

**4.** "(a) Except as otherwise provided in this title—

"(1) The additions to the tax, additional amounts, and penalties provided by this chapter shall be paid upon notice and demand and shall be assessed, collected, and paid in the same manner as taxes;

"(2) Any reference in this title to 'tax' imposed by this title shall be deemed also to refer to the additions to the tax, additional amounts, and penalties provided by this chapter." 26 U.S.C.A. § 6659(a).

1959, 264 F.2d 9. See also Newsom v. Commissioner, 22 T.C. 225, affirmed 5 Cir., 1955, 219 F.2d 444. The judgment of the district court is

    Affirmed.