**Charles F. JOHNSTON, Jr., Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 20139.

United States Court of Appeals, Sixth Circuit.

July 24, 1970.

Charles F. Johnston in pro. per.

Jane M. Edmisten, Atty., Dept. of Justice, Washington, D. C., for respondent-appellee; Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, Robert I. Waxman, Attys., Dept. of Justice, Washington, D. C., on brief.

Before PHILLIPS, Chief Judge, and CELEBREZZE and PECK, Circuit Judges.

CELEBREZZE, Circuit Judge.

This is an appeal of a dismissal of a taxpayer's suit by the Tax Court of the United States for lack of jurisdiction.

The taxpayer concedes that he is barred by statute from a proceeding in the Tax Court because the Commissioner of Internal Revenue has not determined a deficiency with respect to his taxes and has not mailed him a notice of deficiency. 26 U.S.C. §§ 6212, 6213, 7442 (1964). Taxpayer's sole contention is that Section 6659(b) of the Internal Revenue Code of 1954, which acts to deprive him of statutory jurisdiction in the Tax Court by authorizing the collection of certain taxes without the necessity of issuing and mailing a notice of deficiency, is constitutionally invalid. More particularly, he alleges that Section 6659(b), a 1960 amendment to the Internal Revenue Code, deprives him, and other taxpayers in his class, of "fundamental due process" and "equal protection of the laws."

Appellant contends that "fundamental due process" requires that the United States provide taxpayers with access to the Tax Court or a similar forum where

asserted additions to taxes could be litigated and finally adjudicated without a prepayment of the asserted liability. Appellant acknowledges that were he willing to pay the asserted liability, he would have full opportunity to an adjudication of the validity of the taxes imposed in the District Courts of the United States, 28 U.S.C. § 1340 (1964). Appellant contends, however, that such an opportunity is not "meaningful" review of the asserted liability because of the combined costs of paying the asserted liability and prosecuting an action against the United States.

While we appreciate that the payment of taxes as a precondition to sue for their return places a burden on the taxpayer, we do not believe that it is such as to deny him the fundamental processes of fairness required by the Fifth Amendment of the United States Constitution. As the United States Supreme Court, in Cheatham v. United States, 92 U.S. 85, 88–89, 23 L.Ed. 561 (1875), a case which arose before the creation of the Tax Court, held:

> "It will be readily conceded, from what we have here stated, that the government has the right to prescribe the conditions on which it will subject itself to the judgment of the courts in the collection of its revenues.

> \*    \*    \*    \*    \*    \*

> "While a free course of remonstrance and appeal is allowed within the departments before the money is finally exacted, the general government has wisely made the payment of the tax claimed, whether of customs or of internal revenue, a condition precedent to a resort to the courts by the party against whom the tax is assessed. \* \* \* If compliance with this condition requires the party aggrieved to pay the money, he must do it."

Although nearly a century old, the *Cheatham* case expresses sound constitutional doctrine. Flora v. United States, 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1958), reheard, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960). *See* Enochs v. Williams Packing Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962). In view of the Appellant's access to the United States District Courts, we find that Section 6659(b) of the Internal Revenue Code of 1954 does not so deprive him of an effective determination and adjudication of his final tax liability as to violate his Fifth Amendment rights to "fundamental due process."

Also, Appellant contends that the classification of taxpayers effected by the 1960 amendment deprives him of "equal protection of the laws." Fifth Amendment, United States Constitution, Brushaber v. Union Pacific Railroad Co., 240 U.S. 1, 36 S.Ct. 236, 60 L.Ed. 493 (1916). In *Brushaber*, the United States Supreme Court, in upholding the constitutionality of the corporate income tax, observed that

> "The due process clause of the 5th Amendment \* \* \* [does not limit a tax imposed on a class of taxpayers unless it] was so wanting in basis for classification as to produce such a gross and patent inequality as to inevitably lead to the same conclusion [an arbitrary confiscation of property]." 240 U.S. at 24–25, 36 S.Ct. at 244.

Section 6659(b) was enacted to relieve a heavy administrative burden which was being placed upon the Commissioner of Internal Revenue. Prior to the enactment of the 1960 amendment, the Commissioner had to undertake a thorough audit of a taxpayer's return so as not to foreclose the assessment of any other additional taxes which might be due the Treasury. Section 6212(c) of the Internal Revenue Code of 1954. Under the decisions of some courts, this was so even where the taxpayer admitted liability for the additions to taxes that were being imposed. Granquist v. Hackleman, 264 F.2d 9 (9th Cir. 1959); Strawberry Hill Press, Inc. v. Scanlon,

273 F.2d 306 (2d Cir. 1959); Enochs v. Muse, 270 F.2d 528 (5th Cir. 1959).

Congress, seeking to alleviate from the Commissioner the burden of auditing and issuing notices of deficiency on returns whose liability had been admitted, enacted Section 6659(b). S. Rep. No. 1098, 86th Cong., 2d Sess. at 4. By so doing, it permitted the Treasury to assess certain additions to taxes which were admitted without being foreclosed from asserting future additions to taxes, if a subsequent liability is discovered. The tax additions covered by the 1960 amendments are all in the nature of penalty assessments. The judgment as to whether to impose the tax simply involves calendar dates and mathematical computations based upon amounts conceded by the taxpayer. These taxes are quite different from the factual and legal judgments which normally are in contention when a deficiency notice is issued (*e.g.* whether items are deductible? what is income?, etc.).

■ On these facts, we cannot say that the classification created by the 1960 amendment was "so wanting in basis * * * as to produce * * * gross and patent inequality," Brushaber v. Union Pacific Railroad Co., 240 U.S. at 24–25, 36 S.Ct. at 244. The "nature" of the tax additions—to-wit, the absence of any significant legal or factual decisions by the Treasury as a prerequisite to a determination of liability, their simplicity of computation, and the heavy administrative burden of completely auditing all returns which, in effect, admit some liability—is sufficient evidence to support our finding that the classifications imposed by Section 6659(b) of the Internal Revenue Code of 1954 are not arbitrary and capricious determinations. Further, it should be noted that if the Treasury asserts a deficiency against the Taxpayer for which a statutory notice of deficiency issues, the Taxpayer will then have jurisdiction in the Tax Court to challenge all the pending additions to taxes asserted against him. Daniel E. Hannan v. Commissioner, 52 Tax Court 792 (1969).

There being no merit to either of the Appellant's constitutional claims, the judgment of the Tax Court is hereby affirmed.