**Robert H. and Sandra FENDLER, Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

**No. 26349.**

United States Court of Appeals, Ninth Circuit.

April 28, 1971.

Robert H. Fendler and Sandra Fendler, in pro. per.

Johnnie M. Walters, Asst. Atty. Gen., Meyer Rothwacks, Grant W. Wiprud, Jane M. Edmisten, Attys., Tax Division, K. Martin, Worthy, Chief Counsel, Internal Revenue Service, Washington, D. C., for respondent-appellee.

Before MERRILL, BROWNING and KILKENNY, Circuit Judges.

---

1. Taxpayers do not dispute the liability shown on the return they filed for 1968, and they conceded below that the Tax Court has no jurisdiction as to the interest item.

PER CURIAM:

Taxpayers filed a joint return for the taxable year 1968 showing taxes due of $4,716. Form 3446, "Balance Due IRS," was sent to taxpayers on December 12, 1969, reflecting this $4,716 tax, unreduced by any payments or credits. A penalty of $857, assessed under 26 U.S.C. §§ 6651 and 6654, and interest of $185.99 were added, producing a balance due of $5,759.39. Taxpayers filed a petition in the Tax Court urging error in the penalties and incorrect computation of interest.

The Tax Court dismissed the petition on the ground that no determination of a deficiency had been made and no notice of deficiency had been sent as required for Tax Court jurisdiction under 26 U.S.C. § 6213. Taxpayers argue that the form of notice they received was sufficient to confer jurisdiction on the Tax Court. If it was not, they urge, the Commissioner, by choosing the form of notice sent, can control access to the Tax Court and deprive taxpayers of due process.

Under the 1960 amendments to 26 U.S.C. § 6659(b), additions to taxes under sections 6651 and 6654, the only liability in issue here,[1] are to be assessed, collected and paid without the necessity for the statutory notice of deficiency prescribed by 26 U.S.C. § 6212, and therefore without the opportunity for prepayment review by the Tax Court.[2] See, e. g., Johnston v. Commissioner of Internal Revenue, 429 F.2d 804, 806–807 (6th Cir. 1970); 9 Mertens, Federal Income Taxation § 49.187 at 276–277.

The Commissioner cannot defeat the jurisdiction of the Tax Court merely by using a different form of notice than the "90 day letter." The statutory notice of deficiency procedure, including prepayment Tax Court review, simply does not apply to the assessment and collection of the addition to tax involved

---

2. The exceptions to this general statement, 26 U.S.C. § 6659(b) (1), (b) (2), are not relevant here.

here. It is the type of assessment and not the form of notice which is crucial.

 The taxpayer has an opportunity for review of his tax liability in the district court, after payment, in a refund proceeding. 28 U.S.C. § 1340. There is no denial of due process.

The petition for review is denied and the decision of the Tax Court is affirmed.