*Decision will be entered under Rule 50.*

Estate of Annunziata M. Scarangella, Deceased (Intestate), by Frank Scarangella, Anthony Scarangella, Annette Kenzik, Rose Gray, Elvira Daniel and Almerinta Belli (By Her Guardian Joseph Belli), Heirs-at-Law, Petitioners *v.* Commissioner of Internal Revenue, Respondent

Docket No. 8741–72. Filed May 8, 1973.

*Geoffrey Lebar*, for the petitioners.
*Andrew S. Coxe* and *Lyndon J. Parker*, for the respondent.

#### OPINION

Drennen, *Judge:* Respondent has moved to dismiss the petition for lack of jurisdiction. The ground stated for his motion is that no determination of a deficiency has been made in this case. Petitioners counter with the assertion that a deficiency has been determined and that they have in fact received notice thereof, from which their petition was filed. The dispute between the parties centers around whether a statutory notice of deficiency is required when respondent seeks only to impose the delinquency penalty provided in section 6651(a) [1] and does not otherwise seek to increase the liability for estate tax beyond that shown on the return.

At the hearing on respondent's motion, the following facts were established. Annunziata M. Scarangella died at the age of 92 on October 8, 1967. A Federal estate tax return, Form 706, was filed by her estate on April 19, 1972, reporting an estate tax liability of $115,618.14. The only asset reported on the return was a parcel of real estate consisting of 39 acres of vacant land and farmhouse valued at $526,500. On May 22, 1972, the Internal Revenue Service sent the

---

[1] All section references are to the Internal Revenue Code of 1954, unless specifically designated otherwise.

attorneys representing the estate a notice labeled "Statement of Tax Due IRS," Form 17, with respect to the estate tax liability of the estate. This notice indicated a balance due of $167,257.80, composed of the following assessments:

| | |
|---|---|
| Tax | $115, 618. 14 |
| Interest | 22, 735. 12 |
| Penalties | 28, 904. 54 |

Payment of the balance due was requested within 10 days from the date of the notice. There was no statement in the notice that the recipient had a right to contest the liability indicated therein before the United States Tax Court. Subsequently, attorneys for the estate received a followup notice from the Internal Revenue Service indicating that additional interest of $1,362.85 had accrued on the liability, making a total of $168,620.65 due as of July 19, 1972, and stating that failure to pay this amount might lead to the seizure of "property, wages, or other assets." Then on January 31, 1973, an internal revenue officer executed a Notice of Seizure, Form 2433, covering certain real property included in the estate.

On November 20, 1972, petitioners filed a petition in this Court, contesting the imposition of the penalty but not the other amounts.

It is clear that the above-described documents from the Internal Revenue Service, considered either separately or together, do not purport to be a notice of deficiency as described in section 6212. This is apparent from the fact that the earliest of the documents, the Statement of Tax Due I.R.S., indicates that the amount of liability asserted therein had already been assessed, which would not be permissible under section 6213, absent the making of a jeopardy assessment as provided in section 6861. Here there is no suggestion that respondent made a jeopardy assessment. Therefore, it is clear that respondent did not intend any or all of these documents to be a statutory notice of deficiency.

Whether these documents or any of them might have the effect of a statutory notice of deficiency under other circumstances is a matter we need not decide in this case. For as we shall explain, under the present circumstance section 6659(b) exempts the assessment and collection of the delinquency penalty from the restrictions imposed by section 6213, which provides in part that no assessment of a deficiency in tax shall be made until a notice of deficiency has been mailed to the taxpayer. Since the law does not require a notice of deficiency under the facts of this case and since none of the documents relied upon by petitioner as constituting a notice of deficiency was so intended by respondent, we must decide that respondent has not determined a deficiency that may be redetermined by this Court. Sec. 6214(a).

Section 6659 provides in pertinent part as follows:

SEC. 6659(a)(1). The additions to the tax * * * and penalties provided by this chapter shall be * * * assessed, collected, and paid in the same manner as taxes;

\* \* \* \* \* \* \*

(b) PROCEDURE FOR ASSESSING CERTAIN ADDITIONS TO TAX.—For purposes of subchapter B of chapter 63 (relating to deficiency procedures for income, estate, gift, and chapter 42 taxes), subsection (a) shall not apply to any addition to tax under section 6651, 6654, or 6655; except that it shall apply—

(1) in the case of the addition described in section 6651, to that portion of such addition which is attributable to a deficiency in tax described in section 6211; * * *

Subchapter B of chapter 63 is composed of sections 6211 through 6216.

This means that respondent may assess and collect the delinquency penalty provided in section 6651(a) without sending the statutory notice required by section 6212 unless there is a deficiency in tax as defined in section 6211. Section 6211(a) defines a deficiency as the amount by which the tax imposed by, in this case, the estate tax provisions exceeds the amount of tax shown on the return, with further adjustments not relevant here. Since the evidence shows that the asserted liability exactly equaled the tax shown on the return, plus interest and the penalty, there was no excess and thus no deficiency in tax as defined in section 6211. This being the case, respondent is not subject to the restrictions imposed by section 6213 in assessing and collecting the delinquency penalty.

Petitioners rely on *Enochs* v. *Muse*, 270 F.2d 528 (C.A. 5, 1959), and *Granquist* v. *Hackleman*, 264 F.2d 9 (C.A. 9, 1959). These cases have been considered and distinguished by this Court in *Daniel E. Hannan*, 52 T.C. 787 (1969). See also *Charles F. Johnston, Jr.*, 52 T.C. 792 (1969), affd. 429 F.2d 804 (C.A. 6, 1970). Briefly, the cases petitioners rely on were decided prior to the amendment of section 6659 by Pub. L. 86–470, effective May 14, 1960, which first provided for assessment of the 6651 penalty without issuance of a notice of deficiency. See H. Rept. No. 1217, 86th Cong., 2d Sess. (1960), 1960–1 C.B. 840, 841–842, and *Daniel E. Hannan, supra,* for an explanation of the reasons for this amendment. Thus the cases relied upon by petitioner do not relate to the statute as it existed at the times relevant to this proceeding. See also *Fendler* v. *Commissioner*, 441 F.2d 1101 (C.A. 9, 1971), wherein the Court of Appeals for the Ninth Circuit which decided the *Granquist* case recognized the change in the law in affirming an order of dismissal by the Court.

We recognize the difficult position in which petitioners are placed by not being able to come to the Tax Court to test the validity of

the respondent's action in asserting the penalty. Nevertheless, that is the law and we must take it as we find it.

In view of the foregoing, respondent's motion to dismiss for lack of jurisdiction is granted.

*An appropriate order will be entered.*