BENJAMIN J. HARRISON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent *
Harrison v. Commissioner
Docket No. 29324-91
United States Tax Court
T.C. Memo 1994-614; 1994 Tax Ct. Memo LEXIS 644; 68 T.C.M. (CCH) 1438; December 15, 1994, Filed *644 Decision will be entered in accordance with the parties' revised Rule 155 computation. For petitioner: Audrey J. Orlando. For respondent: Emily J. Kingston. PARR
PARR
SUPPLEMENTAL MEMORANDUM OPINION PARR, Judge: The opinion in this case, T.C. Memo. 1994-268, was filed on June 13, 1994. In that opinion we held that (1) petitioner was not liable for additions to tax under section 6651[1] *645 for failure to timely file his 1982 and 1983 tax returns because respondent did not timely raise the issue; (2) petitioner was not liable for an addition to tax under section 6653(a)(1) and (2) for negligence for tax year 1983 because the addition to tax for negligence was a new issue asserted in respondent's answer and she did not show that a reasonable and ordinarily prudent person under petitioner's circumstances [2] would have filed his income tax returns timely; and (3) this Court does not have jurisdiction to abate petitioner's liability for interest under section 6404(e). Furthermore, we determined that petitioner overpaid his 1983 tax liability.
In accordance with Rule 155, petitioner filed Petitioner's Computation for Entry of Decision on September 13, 1994, and respondent filed Respondent's Computation for Entry of Decision on October 4, 1994. Both parties filed memoranda supporting their Rule 155 computations. In his Rule 155 computation, petitioner claims a refund for payments attributable to the 1983 tax year and made before the statutory notice of deficiency was issued. [3] Petitioner also provides for interest in his Rule 155 computations for tax years 1982-84. Petitioner filed his 1983 tax return on November 27, 1989, and a claim for refund on March 30, 1993. The statutory notice of deficiency was mailed on September 26, 1991. *646 The issues arising from the difference in the parties' computations are: [4] (1) Whether this Court has jurisdiction to determine overpayments of additions to tax under sections 6651(a)(1) and (2) and 6654 when such additions are not subject to the deficiency procedures but we otherwise have jurisdiction over the tax on which such additions are based. We hold that we have jurisdiction. (2) Whether this Court has jurisdiction to determine the interest due on the deficiencies for tax years 1982 and 1984, and on the refund for 1983. We hold that we do not have jurisdiction to make this determination. Issue 1. Jurisdiction -- Overpayments of Additions to Tax
In his memorandum in support of his Rule 155 *647 computation, petitioner asserts that the Court has jurisdiction to determine a refund for tax year 1983, attributable to overpayments of additions to tax that were assessed based on the tax liability shown on petitioner's tax return. Respondent argues that this Court has jurisdiction over only those additions raised in the statutory notice of deficiency, or timely thereafter, and therefore, this Court cannot make a redetermination of additions that are not subject to the deficiency procedures, i.e., the immediately assessable portion of the additions, citing Fendler v. Commissioner, 441 F.2d 1101 (9th Cir. 1971); Meyer v. Commissioner, 97 T.C. 555, 560 (1991); Powell v. Commissioner, 96 T.C. 707, 710 (1991); Estate of DiRezza v. Commissioner, 78 T.C. 19 (1982). We have held that because an addition to tax was not attributable to a deficiency, we did not have jurisdiction to determine a deficiency with respect to such addition. Estate of Young v. Commissioner, 81 T.C. 879, 882-883 (1983). However, we have also held that this *648 rule is limited to interpreting our deficiency jurisdiction pursuant to section 6659 (section 6662 during the years relevant to this case) and section 6214. Judge v. Commissioner, 88 T.C. 1175, 1182 (1987); Estate of Young v. Commissioner, supra at 888. This is not the rule in determining our jurisdiction as to overpayments of additions to tax. Judge v. Commissioner, supra; Estate of Young v. Commissioner, supra.
In the instant case the issue presented deals with the Court's jurisdiction to determine an overpayment of additions to tax and is controlled by Judge v. Commissioner, supra.[5] Therefore, the authority cited by respondent is not determinative of the issue in the instant case. See Estate of Young v. Commissioner, supra at 882-883, 888. *649 Our jurisdiction to determine overpayments of tax is provided by section 6512(b). Judge v. Commissioner, supra.Section 6512(b) provides: Sec. 6512(b). Overpayment Determined by Tax Court. -- (1) Jurisdiction to Determine. -- Except as provided by paragraph (2) and by section 7463, if the Tax Court finds that there is no deficiency and further finds that the taxpayer has made an overpayment of income tax for the same taxable year, * * * in respect of which the Secretary determined the deficiency, or finds that there is a deficiency but that the taxpayer has made an overpayment of such tax, the Tax Court shall have jurisdiction to determine the amount of such overpayment, and such amount shall, when the decision of the Tax Court has become final, be credited or refunded to the taxpayer.
Section 6662(a)[6] sets forth the general rule that the deficiency procedures applicable to income, estate, gift, and certain excise taxes are equally applicable to additions to tax. Sec. 6662(a)(1). Section 6662(a)(2) provides that any reference in the Internal Revenue Code to "tax" is to be treated as also referring to additions to tax. However, *650 for purposes of subchapter B of chapter 63, section 6662(b) limits the application of section 6662(a) to an addition to tax attributable to a deficiency. This limitation does not apply to our jurisdiction under section 6512(b) because section 6512 is not part of subchapter B of chapter 63. Judge v. Commissioner, supra at 1183. And because section 6662(a)(2) applies to both deficiency and nondeficiency items for purposes other than subchapter B of chapter 63, the provisions of section 6662(a)(2) are controlling with respect to section 6512(b). Judge v. Commissioner, supra at 1184. *651 Similarly, we have held that this Court has jurisdiction to determine overpayments of interest pursuant to section 6512(b).[7]Estate of Baumgardner v. Commissioner, 85 T.C. 445 (1985). We have found that the legislative intent would be frustrated if our overpayment jurisdiction did not include overpayments of interest and additions to tax. Judge v. Commissioner, supra at 1185; Estate of Baumgardner v. Commissioner, supra at 451. Furthermore, "For potentially identical determinations to be required in multiple forums in order for a taxpayer to fully litigate his income tax liability for a given year is neither sensible nor does it serve judicial economy." Judge v. Commissioner, supra at 1186. *652 The statutory notice of deficiency was issued for years 1982, 1983, and 1984. In the notice, respondent determined deficiencies and additions to tax for the tax years 1982, 1983, and 1984. Therefore, we have jurisdiction over the tax for the tax year 1983. And in our original opinion in this case we determined that petitioner overpaid his 1983 tax liability. Harrison v. Commissioner, T.C. Memo. 1994-268. Because we have jurisdiction over the tax on which such additions are based, we hold that we have jurisdiction to determine an overpayment of additions to tax for tax year 1983, notwithstanding that such additions are not subject to the deficiency procedures. Woody v. Commissioner, 95 T.C. 193, 203 (1990); Judge v. Commissioner, 88 T.C. at 1187; Mann-Howard v. Commissioner, T.C. Memo. 1992-537. Having determined that we have jurisdiction to determine an overpayment of additions to tax, we must determine whether petitioner's refund claim was timely. Our jurisdiction to determine overpayments is limited by the provisions of section 6512(b)(2) dealing with *653 the timeliness of such claims. The subparagraph of section 6512(b)(2) that is applicable here is subparagraph (B), which reads as follows: [The overpayment must have been made] within the period which would be applicable under section 6511(b)(2), (c), or (d), if on the date of the mailing of the notice of deficiency a claim had been filed (whether or not filed) stating the grounds upon which the Tax Court finds that there is an overpayment * * *
Pursuant to section 6512(b)(2)(B), a taxpayer is deemed to have filed a claim for credit or refund on the date the notice of deficiency was mailed. Patronik-Holder v. Commissioner, 100 T.C. 374, 377-378 (1993); Allen v. Commissioner, 99 T.C. 475, 476-477 (1992), affd. without published opinion 23 F.3d 406 (6th Cir. 1994); Berry v. Commissioner, 97 T.C. 339, 343 (1991). If allowable, a refund or credit shall be made or allowed of any amounts that could have been refunded or credited under section 6511(b)(2), (c), or (d) with respect to such claim. The operative provision applicable here is section 6511(b)(2)(B), *654 which provides: Limit Where Claim Not Filed Within 3-Year Period. -- If the claim was not filed within such 3-year period, the amount of the credit or refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim.
Petitioner filed his 1983 tax return on November 27, 1989. Petitioner filed a claim for refund on March 30, 1993. The payments of additions to tax at issue were made between March 21 and August 30, 1991. And the statutory notice of deficiency was mailed on September 26, 1991. Sec. 6512(b)(2)(B). Accordingly, because the 2-year look-back period of section 6511(b)(2)(B) applies, we hold that petitioner's refund is not time barred. Since we have jurisdiction to determine the overpayment of additions to tax and since we have previously determined that petitioner had overpaid his tax liability for the 1983 tax year, we hold that the overpayments of additions to tax for that year should be part of the Rule 155 computation. Issue 2. Jurisdiction -- Interest
In petitioner's Rule 155 computation, he provided for interest on the 1982 and 1984 deficiencies and on the 1983 refund. Respondent objects to the *655 inclusion of interest on the grounds that the Court lacks jurisdiction. This Court does not generally have jurisdiction over interest. Estate of Baumgardner v. Commissioner, supra at 446; LTV Corp. v. Commissioner, 64 T.C. 589 (1975); Chapman v. Commissioner, 14 T.C. 943 (1950), affd. per curiam 191 F.2d 816 (9th Cir. 1951). Section 6601(e)(1) specifically excludes interest from being treated as "tax" in deficiency proceedings. While there are exceptions to this rule, see e.g., sec. 6861(c) (Tax Court has jurisdiction over interest that is assessed in connection with a jeopardy assessment), none of those exceptions apply here. Hence, this Court is not empowered to determine the interest on petitioner's tax liability for tax years 1982 and 1984. With respect to the overpayment determined for tax year 1983, once an overpayment has been determined, interest accrues in accord with section 6611 until the time the overpayment is refunded or reduced to judgment. Once reduced to judgment, interest accrues on the judgment, inclusive of the overpayment and interest *656 on the overpayment, all in accord with 28 U.S.C. sec. 2411 (1988). See Estate of Baumgardner v. Commissioner, supra at 453. Because our jurisdiction is not derived from title 28 of the United States Code, we are unable to enter a decision for interest upon an overpayment. [8]
Accordingly, we hold that interest on the deficiencies for tax years 1982 and 1984 and on the refund for tax year 1983 should not be part of the Rule 155 computation. To reflect the foregoing, Decision will be entered in accordance with the parties' revised Rule 155 computation. Footnotes
*. This opinion supplements Harrison v. Commissioner, T.C. Memo. 1994-268.↩
1. All section references are to the Internal Revenue Code in effect for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩
2. During the period in which petitioner filed late tax returns, his sister was suffering from cancer and his brother was murdered. These tragedies caused petitioner unusually severe emotional and financial distress.↩
3. In petitioner's Rule 155 computation he sets forth the dates and amounts of the payments as follows: 3/21/91 Overpayment $   588.61
4/21/91 Overpayment 950.00
5/22/91 Overpayment 950.00
6/22/91 Overpayment 950.00
7/20/91 Overpayment 950.00
8/20/91 Overpayment 950.00
8/30/91 Overpayment 4,916.96
Respondent has not disputed the payment dates. In petitioner's memorandum supporting his Rule 155↩ calculation, he refers to the payments as additions to tax for failure to file a tax return. In respondent's memorandum, she asserts that the payments relate to additions to tax previously assessed by respondent and paid by petitioner, relating to failure to pay, failure to file, and estimated tax.
4. Respondent agrees that: (1) petitioner has an additional credit of $ 1,526 from another tax year to be applied against petitioner's 1982 tax; and (2) that the deficiency shown for 1982 is the amount agreed to by the parties and such amount was paid by petitioner. Therefore, these items are not in dispute.↩
5. We were surprised that neither party cited the leading case.↩
6. SEC. 6662. APPLICABLE RULES (a) Additions Treated as Tax. -- Except as otherwise provided in this title -- (1) The additions to the tax, additional amounts, and penalties provided by this chapter shall be paid upon notice and demand and shall be assessed, collected, and paid in the same manner as taxes; (2) Any reference in this title to "tax" imposed by this title shall be deemed also to refer to the additions to the tax, additional amounts, and penalties provided by this chapter.
(b) Procedure for Assessing Certain Additions to Tax. -- For purposes of subchapter B of chapter 63 (relating to deficiency procedures for income, estate, gift, and certain excise taxes), subsection (a) shall not apply to any addition to tax under section 6651, 6654, or 6655; except that it shall apply -- (1) in the case of an addition described in section 6651, to that portion of such addition which is attributable to a deficiency in tax described in section 6211; or (2) to an addition described in section 6654 or 6655↩, if no return is filed for the taxable year.
7. In Estate of Baumgardner v. Commissioner, 85 T.C. 445, 450 (1985), we noted the similarity between the provisions set out in sec. 6601(e) (dealing with interest) and sec. 6659(a)(2) (dealing with additions to tax). Sec. 6601(e)↩ provides that "Any reference in this title (except subchapter B of chapter 63, relating to deficiency procedures) to any tax imposed by this title shall be deemed also to refer to interest imposed by this section on such tax."
8. In contrast, we do have jurisdiction with respect to interest which is part of an overpayment. Estate of Baumgardner v. Commissioner, supra↩ at 452-453.