115 T.C. No. 11

UNITED STATES TAX COURT

ESTATE OF GLENN G. FORGEY, DECEASED, LYLE A.
FORGEY, EXECUTOR, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13077-98.                    Filed August 16, 2000.

An estate tax return was delinquently filed on
behalf of decedent's estate (E).  R assessed the tax
reported on the return and an addition to tax for late
filing.  R subsequently examined E's return and
determined a deficiency and an addition to tax for late
filing relating to such deficiency.  The parties
settled the issues relating to the estate tax
liability.  As part of the settlement, E agreed to
various increases to the taxable estate.  However, due
to R's allowance of a deduction for interest expense,
the settlement produced an overassessment in tax.

E disputes the late filing addition to tax
assessed by R prior to the issuance of the notice of
deficiency.  R contends that this Court lacks
jurisdiction over such addition to tax pursuant to sec.
6665(b), I.R.C.  E contends that this Court has
jurisdiction over a portion of the addition to tax
under sec. 6665(b)(1), I.R.C., given that E agreed to
increases in the taxable estate through the deficiency
procedures.

Held: This Court lacks jurisdiction over the late filing addition to tax assessed by R prior to the issuance of the notice of deficiency, because such addition is not attributable to a deficiency as defined in sec. 6211, I.R.C.

Terry R. Wittler, for petitioner.

Lisa K. Hartnett, for respondent.

VASQUEZ, Judge: A Form 706, United States Estate (and Generation-Skipping Transfer) Tax Return, was delinquently filed on behalf of the Estate of Glenn G. Forgey (the estate). Respondent assessed the estate tax reported on the return and a section 6651(a)(1)[1] addition to tax for late filing. Respondent subsequently determined a deficiency in estate tax of $866,434 and an additional section 6651(a)(1) addition to tax of $216,609 based on such deficiency.

The parties reached an agreement as to all issues raised in the notice of deficiency except for the section 6651(a)(1) addition to tax. The agreement, when taken together with the concessions[2] made by respondent in the notice of deficiency, produced an overassessment.

---

[1] Unless otherwise indicated, section references are to the Internal Revenue Code as in effect on the date of the decedent's death, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] Respondent allowed a deduction for interest expense, discussed in detail infra.

The estate requests the Court to review the late-filing addition to tax assessed by respondent prior to the issuance of the notice of deficiency (the assessed addition to tax). In response to respondent's argument that we lack jurisdiction to do so, the estate contends that, despite the resulting overassessment in tax, a portion of the assessed addition to tax is attributable to a deficiency. Therefore, the issues for decision are whether the Court has jurisdiction to review any portion of the assessed addition to tax, and if so, whether the estate is liable for such addition.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulated facts and the related exhibits are incorporated herein by reference.

Glenn G. Forgey (decedent) died testate on October 14, 1993. At the time of his death, decedent resided in Keya Paha County, Nebraska. Decedent's son, Lyle A. Forgey (Mr. Forgey), was appointed as the personal representative of decedent's estate. At the time the petition was filed, Mr. Forgey resided in Springview, Nebraska.

The Federal estate tax return for the estate was originally due on July 14, 1994.[3] A day prior to the due date, Mr. Forgey

---

[3] Form 706, United States Estate (and Generation-Skipping Transfer) Tax Return, must be filed within 9 months of the decedent's date of death. See sec. 6075(a).

filed a Form 4768, Application for Extension of Time to File a Return and/or Pay U.S. Estate Taxes, requesting an extension of time to file the estate tax return until January 14, 1995, and an extension of time to pay the estate tax until July 14, 1995. The requested extensions were granted by the Commissioner.

The January 14, 1995 extended due date for filing the estate tax return expired with no return having been filed. Following respondent's written inquiry as to the status of the estate tax return in late May 1995, Mr. Forgey signed the return and mailed it to the Internal Revenue Service Center in Ogden, Utah. The Commissioner received the estate tax return on June 2, 1995. The return reflected an estate tax liability of $2,165,565 and a balance due of $1,683,565.[4]

On July 17, 1995, respondent assessed the estate tax liability and a section 6651(a)(1) addition to tax for late filing in the amount of $378,802.[5] The addition to tax was based on the tax reported as due on the return.

By notice of deficiency dated April 23, 1998, respondent determined a deficiency in estate tax of $866,434. Based on this deficiency, respondent determined an additional section

---

[4] The estate submitted a payment of $482,000 with the Form 4768, Application for Extension of Time to File a Return and/or Pay U.S. Estate Taxes.

[5] Respondent also assessed interest and an addition to tax for late payment under sec. 6651(a)(2). These amounts are not in dispute.

6651(a)(1) addition to tax in the amount of $216,609.

In the notice of deficiency, respondent determined a $1,580,432 net increase in the amount of the taxable estate. This net adjustment, in turn, was based on the following: (1) A $2,040,249 increase in the value of items included in the gross estate; (2) a $28,373 reduction in the allowable deductions claimed on the estate tax return; and (3) the allowance of a $488,190 deduction for interest accrued on the deferred estate tax obligation (the interest expense deduction).[6]

The parties reached an agreement on the correct amount of the taxable estate, as evidenced by a stipulation of settled issues (the settlement). Apart from the interest expense deduction, the settlement resulted in a $332,352 increase in the taxable estate.[7] However, when the $488,190 interest expense deduction is taken into account, the net adjustment to the taxable estate is negative. Thus, the settlement produced an estate tax liability that was lower than that reported on the

---

[6] The estate made an election under sec. 6166 to pay the estate tax liability on a deferred basis. The estate of a decedent dying prior to 1998 is entitled to deduct interest expense on a deferred estate tax obligation as an administrative expense under sec. 2053(a)(2). See Estate of Bahr v. Commissioner, 68 T.C. 74 (1977); Rev. Rul. 78-125, 1978-1 C.B. 292. This deduction is expressly disallowed by sec. 2053(c)(1)(D) with respect to estates of decedents dying after 1997.

[7] The estate conceded $303,979 of the $2,040,249 valuation increase sought by respondent, and the estate further conceded respondent's $28,373 reduction in allowable deductions claimed on the return.

return.[8]  Consequently, any addition to tax under section

6651(a)(1) that remains relates to the amount assessed by

respondent prior to the issuance of the notice of deficiency.[9]

OPINION

By way of a motion for entry of decision, respondent

contends that this Court does not have jurisdiction to review the

assessed addition to tax.  The question of the Court's

jurisdiction is fundamental and must be addressed when raised by

a party or on the Court's own motion.  See Naftel v.

Commissioner, 85 T.C. 527, 530 (1985); Estate of Young v.

Commissioner, 81 T.C. 879, 880-881 (1983).

This Court is a court of limited jurisdiction.  See Judge v.

Commissioner, 88 T.C. 1175, 1180 (1987); Estate of Young v.

Commissioner, supra at 881; Medeiros v. Commissioner, 77 T.C.

1255, 1259 (1981).  We may exercise jurisdiction only to the

extent expressly provided by Congress.  See sec. 7442; Breman v.

Commissioner, 66 T.C. 61, 66 (1976).  Section 6213 confers

jurisdiction on this Court to redetermine deficiencies in income,

estate, gift, and certain excise taxes.  See also secs. 6211-

---

[8]  The statement of account dated Feb. 29, 2000, which the parties have stipulated, provides for a revised estate tax liability of $2,003,524.  This figure is $162,041 less than the estate tax liability of $2,165,565 shown on the estate tax return.

[9]  The statement of account provides for a revised sec. 6651(a)(1) addition to tax of $342,343.  This figure is $36,459 less than the addition to tax previously assessed by respondent of $378,802.

6212, 6214-6215; Rule 13.  The provision which confers jurisdiction on this Court to review an addition to tax for late filing is section 6665.

Section 6665(a) sets forth the general rule that the deficiency procedures applicable to income, estate, gift, and certain excise taxes are equally applicable to additions to tax. See sec. 301.6659-1(a) and (b), Proced. & Admin. Regs.[10]  Section 6665(b) excludes from this general rule additions to tax under section 6651.  As further provided in paragraph (1) of section 6665(b), however, the exclusion is not applicable "to that portion of such addition which is attributable to a deficiency in tax described in section 6211".  Thus, the determination of whether we have jurisdiction over any portion of the assessed addition to tax turns on whether a deficiency within the meaning of section 6211 exists in this case.  See Estate of Young v. Commissioner, supra at 882; Estate of DiRezza v. Commissioner, 78 T.C. 19, 26 (1982); sec. 301.6659-1(c)(1), Proced. & Admin. Regs.

---

[10]  Sec. 301.6659-1, Proced. & Admin. Regs., accompanies and relates to sec. 6665.  As demonstrated by the record of legislation which follows, sec. 6665 was once designated as sec. 6659.  The Economic Recovery Tax Act of 1981, Pub. L. 97-34, sec. 722(a)(1), 95 Stat. 172, 341, redesignated sec. 6659 as sec. 6660, applicable to returns filed after Dec. 31, 1981.  The Tax Equity and Financial Responsibility Act of 1982, Pub. L. 97-248, sec. 323(a), 96 Stat. 324, 613, redesignated sec. 6660 as sec. 6662, applicable to returns the due date (determined without regard to extension) for filing of which was after Dec. 31, 1982.  Lastly, the Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, sec. 7721(a), (d), 103 Stat. 2395, 2399, redesignated sec. 6662 as sec. 6665, applicable to returns the due date (determined without regard to extension) for filing of which was after Dec. 31, 1989.

Respondent contends that no statutory deficiency exists, given that the deficiency procedures and the parties' settlement resulted in an overassessment.  The estate contends otherwise. The estate's argument is essentially that, but for the "fortuitous accrual of interest", the taxable estate would have increased by $333,919[11] as a result of the deficiency procedures and the parties' settlement.  The estate treats the tax attributable to this figure as the deficiency, ignoring the interest expense deduction in this context on grounds that the interest accrual occurred "independent of the deficiency process".

The estate's argument as to the existence of a deficiency must be rejected as it ignores the statutory definition.  Section 6211(a) defines a deficiency as:

> the amount by which the tax imposed * * * exceeds the excess of—
>
>> (1) the sum of
>>
>>> (A) the amount shown as tax by the taxpayer upon his return * * * plus
>>>
>>> (B) the amounts previously assessed * * * as a deficiency, over—
>>
>> (2) the amount of rebates * * * made.

This case involves no rebates.  Furthermore, respondent has not previously assessed any amounts as a deficiency.  Accordingly,

_____

[11]  The $333,919 figure ignores an increase of $1,567 in deductions claimed by the estate on the estate tax return that was allowed by respondent in the notice of deficiency.  The proper figure therefore should be $332,352.

the definition of a deficiency for present purposes is reduced to the excess of the estate tax imposed over the amount of estate tax shown on the return.

The parties' settlement in this case produced an overassessment in tax. This somewhat anomalous result (particularly in light of the concessions made by the estate) is attributable to the interest expense deduction, which the estate was prohibited from claiming prospectively on the estate tax return.[12] Yet, despite the unique circumstances of this case, it remains that the tax imposed on the estate does not exceed the amount of the tax shown on the estate tax return. A deficiency in tax, as defined by section 6211, therefore does not exist.

Having decided that there is no statutory deficiency, it follows that no portion of the assessed addition to tax is attributable to a deficiency. In other words, the requirements of paragraph (1) of section 6665(b) have not been met. Accordingly, pursuant to section 6665(b), we lack jurisdiction over the addition to tax at issue.[13] We therefore may not reach

---

[12] The procedure for claiming a deduction for interest expense attributable to a deferred estate tax obligation is to file a supplemental estate tax return after the interest has accrued and been paid. See Rev. Proc. 81-27, 1981-2 C.B. 548. Therefore, a taxpayer may not take a deduction on the original estate tax return for interest which is estimated to accrue on the deferred estate tax obligation. See Bailly v. Commissioner, 81 T.C. 246 (1983), supplemented by 81 T.C. 949 (1983).

[13] That we lack jurisdiction to decide the issue is confined to the facts of this case. We do not hold, for example, that this Court lacks jurisdiction under sec. 6512(b)(1) to
(continued...)

the estate's claim that the failure to timely file was due to reasonable cause and not due to willful neglect, or the estate's alternative argument that the assessed addition to tax constitutes an excessive fine in violation of the Eighth Amendment of the United States Constitution.

We have considered the estate's other arguments for a contrary holding[14] and, to the extent not discussed herein, find them to be without merit.

Accordingly, respondent's motion for entry of decision will be granted.

An appropriate order and

decision will be entered.

---

[13](...continued) decide the same issue in the case of an overpayment. See, e.g., Judge v. Commissioner, 88 T.C. 1175, 1180-1187 (1987). In this regard, the estate does not claim that it overpaid this addition, and we are unable to find that it did.

[14] In support of its argument that we have jurisdiction over the assessed addition to tax, the estate cites our opinion in Hannan v. Commissioner, 52 T.C. 787, 791 (1969), in which we stated that "it is not the existence of a deficiency but the Commissioner's determination of a deficiency that provides a predicate for Tax Court jurisdiction." However, in Estate of Young v. Commissioner, 81 T.C. 879, 886-887 (1983), we held that Hannan was inapposite to the case where the addition to tax is attributable to the amount shown as tax by the taxpayer on the return. Our opinion in Hannan therefore does not support the estate's argument.