118 T.C. No. 33


UNITED STATES TAX COURT


RICHARD A. WILSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 13703-01.                    Filed June 12, 2002.


In conjunction with a criminal prosecution for tax evasion, P executed a Plea Agreement in which he agreed to file delinquent Federal income tax returns and report specific amounts of income. After assessing the tax liabilities reported on the delinquent returns, R sent P a notice of deficiency determining only additions to tax for fraudulent failure to file and failure to pay estimated tax under secs. 6651(f) and 6654(a), I.R.C., respectively. P filed a petition for redetermination. R moved to dismiss for lack of jurisdiction, arguing that the deficiency notice was invalid because R had not determined any "deficiency" as defined in sec. 6211(a), I.R.C.

<u>Held</u>: This Court lacks jurisdiction over the additions to tax for fraudulent failure to file because such additions are not attributable to a deficiency. Sec. 6665(b)(1), I.R.C.

Held, further, This Court lacks jurisdiction over the additions to tax for failure to pay estimated tax because P actually filed returns for the years in issue. Sec. 6665(b)(2), I.R.C.


Howard B. Young and John A. Ruemenapp (specially recognized), for petitioner.

Timothy S. Murphy and Tami Belouin, for respondent.


OPINION


DAWSON, Judge: This case was assigned to Special Trial Judge Robert N. Armen, Jr., pursuant to the provisions of section 7443A(b)(5) and Rules 180, 181, and 183.[1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

ARMEN, Special Trial Judge: This matter is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction. Respondent asserts that jurisdiction is lacking because "no deficiency is raised in the notice of deficiency, pursuant to I.R.C. sections 6211 and 6665, nor has respondent made any other determination with respect to petitioner's taxable years 1991, 1992, 1993, and 1994, that would confer jurisdiction on this

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Court." As explained below, we shall grant respondent's motion to dismiss.

## Background

On July 2, 1999, petitioner executed a Plea Agreement pursuant to rule 11 of the Federal Rules of Criminal Procedure. In the Plea Agreement, petitioner agreed, inter alia, to file with the Internal Revenue Service delinquent Federal income tax returns for 1991, 1992, 1993, and 1994. In this regard, the Plea Agreement states in pertinent part:

> The defendant will file with the Internal Revenue Service delinquent individual income tax returns, Forms 1040, for the years 1991, 1992, 1993, and 1994, reporting, as income to him, diverted corporate receipts and dividend income totaling $328,915, $176,376, $222,472, and $251,839, respectively.

On March 22, 2000, petitioner filed U.S. Individual Income Tax Returns, Forms 1040, for 1991, 1992, 1993, and 1994 in compliance with the Plea Agreement. Petitioner reported tax liabilities of $95,778, $48,262, $72,760, and $84,247 for the years 1991, 1992, 1993, and 1994, respectively.

On September 13, 2001, respondent issued to petitioner a notice of deficiency. In the notice, respondent determined that although petitioner is not liable for any deficiencies in income taxes, he is liable for additions to tax under section 6651(f) (fraudulent failure to file) and section 6654 (failure to pay estimated tax) for the years and in the amounts as follows:

| | | Additions to Tax | |
|---|---|---|---|
| Year | Tax | Sec. 6651(f) | Sec. 6654 |
| 1991 | --- | $71,834 | $5,474 |
| 1992 | --- | 36,197 | 2,105 |
| 1993 | --- | 54,570 | 3,049 |
| 1994 | --- | 63,185 | 4,372 |

On December 6, 2001, petitioner timely filed with the Court a petition for redetermination, challenging the above-described notice of deficiency.  At the time that the petition was filed, petitioner resided in Holly, Michigan.

In response to the petition, respondent filed a Motion to Dismiss for Lack of Jurisdiction on the ground that the notice of deficiency is invalid because respondent did not determine any "deficiency" within the meaning of sections 6211 and 6665. Petitioner filed an Objection to respondent's motion to dismiss. Thereafter, pursuant to notice, respondent's motion was called for hearing at the Court's motions session in Washington, D.C.[2]

## Discussion

The Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by statute.  Naftel v. Commissioner, 85 T.C. 527, 529 (1985).  The Court's jurisdiction to redetermine a deficiency depends upon the

---

[2]  During the hearing, counsel for respondent argued that although the Court lacks jurisdiction to redetermine the additions to tax in question pursuant to its deficiency jurisdiction under sec. 6213(a), the Court may have the authority to review such additions to tax pursuant to its collection review jurisdiction under secs. 6320 and 6330.

issuance of a valid notice of deficiency and a timely filed petition. Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988).

The pivotal issue in this case is whether respondent determined a "deficiency" in petitioner's Federal income tax within the meaning of sections 6211 and 6665. The term "deficiency" is defined in section 6211(a) as the amount by which the tax imposed by subtitle A or B, or chapter 41, 42, 43, or 44, of the Internal Revenue Code exceeds the excess of the sum of the amount shown as the tax by a taxpayer on the taxpayer's return plus the amounts previously assessed (or collected without assessment) as a deficiency, over the amount of rebates made.

Consistent with section 6211(a), the definition of a deficiency is influenced in part by the definition of the term "tax". In this regard, section 6665(a) states the general rule that additions to tax are treated as "tax" for purposes of assessment and collection. However, section 6665(b) provides an exception to the general rule as follows:

> SEC. 6665(b) Procedure For Assessing Certain Additions To Tax.--For purposes of subchapter B of chapter 63 (relating to deficiency procedures for income, estate, gift, and certain excise taxes), subsection (a) shall not apply to any addition to tax under section 6651, 6654, 6655; except that it shall apply--
>
> > (1) in the case of an addition described in section 6651, to that portion of such addition which is attributable to a deficiency in tax described in section 6211; or

        (2) to an addition described in section 6654
or 6655, if no return is filed for the taxable
year.

In sum, section 6665(b) provides in pertinent part: (1) An addition to tax under section 6651 will be treated as a tax for purposes of the deficiency procedures only to the extent that the addition to tax is attributable to a deficiency as defined in section 6211, and (2) an addition to tax under section 6654 will be treated as a tax for purposes of the deficiency procedures only if no return is filed for the year in question.

The record in this case shows that, consistent with a criminal plea agreement, petitioner filed delinquent Federal income tax returns for 1991, 1992, 1993, and 1994. Respondent accepted those returns as filed and immediately assessed the taxes reported therein. See sec. 6201(a)(1); Meyer v. Commissioner, 97 T.C. 555, 559 (1991). The amounts shown as taxes by petitioner on his returns do not constitute deficiencies within the meaning of section 6211(a).

Respondent also determined that petitioner is liable for additions to tax for fraudulently failing to timely file his tax returns and failing to pay estimated taxes for the years in question. Applying the plain language of sections 6211 and 6665(b) to the facts presented, we hold that the additions to tax under section 6651(f) determined in the notice of deficiency are not attributable to "deficiencies" within the meaning of section

6211(a), and, therefore, the Court lacks jurisdiction over such additions to tax in this case.  The additions to tax that respondent determined under section 6651(f) were computed by reference to the taxes shown by petitioner on his delinquently filed returns; thus, those additions are not attributable to a deficiency as defined in section 6211.  See Estate of Forgey v. Commissioner, 115 T.C. 142 (2000); Meyer v. Commissioner, supra at 559-563; Estate of DiRezza v. Commissioner, 78 T.C. 19, 25-32 (1982); Estate of Scarangella v. Commissioner, 60 T.C. 184 (1973); Newby's Plastering, Inc. v. Commissioner, T.C. Memo. 1998-320.  Further, the additions to tax that respondent determined under section 6654 are not subject to the deficiency procedures because petitioner actually filed tax returns, albeit delinquently, for the years in question.  See Meyer v. Commissioner, supra at 561-563.

Finally, we repeat what we said nearly 30 years ago in a case similar to the present one:

> We recognize the difficult position in which petitioners are placed by not being able to come to the Tax Court to test the validity of the respondent's action in asserting the penalty.  Nevertheless, that is the law and we must take it as we find it.

Estate of Scarangella v. Commissioner, supra at 186-187.

To reflect the foregoing,

<u>An order will be entered</u>

<u>granting respondent's Motion to</u>

<u>Dismiss for Lack of Jurisdiction.</u>