T.C. Summary Opinion 2003-79

UNITED STATES TAX COURT

ANDREA PAPPAS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9750-01S.                    Filed June 19, 2003.

Leon Lebensbaum and Morris R. Sherman, for petitioner.

Patricia A. Riegger, for respondent.

GOLDBERG, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

This matter is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction on the ground that the notice of deficiency is invalid because respondent did not determine a "deficiency" within the meaning of sections 6211 and 6665. As explained below, we shall grant respondent's motion to dismiss.

Background

On July 11, 2001, respondent mailed petitioner a notice of deficiency. The only determination made by respondent in the notice of deficiency was that petitioner was liable for an addition to tax of $6,570.68 for the 1993 taxable year, pursuant to section 6651(a)(1).

On July 31, 2001, the Court received a letter from petitioner which we have treated as an imperfect petition. On August 6, 2001, we ordered that petitioner file a proper amended petition on or before October 5, 2001.

On October 3, 2001, petitioner timely filed with the Court an amended petition, challenging the determination that she was liable for the addition to tax for 1993 and placing in dispute a "deficiency" of $29,203 for that year. At the time the petition was filed, petitioner resided in Commack, New York.

On December 20, 2001, the Court notified the parties that the case was set for trial at the Westbury, New York, trial session beginning on March 11, 2002. On February 12, 2002, petitioner filed a motion for a continuance from the March 11,

2002, trial date. By order dated March 11, 2002, the Court granted petitioner's motion for a continuance, retained jurisdiction, and ordered the parties to file a status report on or before May 10, 2002.

On May 10, 2002, respondent filed a status report with the Court, expressing a concern that the Court may lack jurisdiction in this case. Respondent's status report stated that the National Office of the Internal Revenue Service was reviewing the matter and that respondent subsequently expected to file a motion to dismiss for lack of jurisdiction.

On May 16, 2002, respondent filed a Motion to Dismiss for Lack of Jurisdiction on the ground that the notice of deficiency is invalid because respondent did not determine a "deficiency" within the meaning of sections 6211 and 6665. On May 21, 2002, the Court ordered petitioner to file an objection, if any, to respondent's motion to dismiss on or before June 21, 2002.

On June 19, 2002, petitioner filed an objection to respondent's motion to dismiss. On September 9, 2002, pursuant to an order of the Court, respondent's motion was called for hearing at the Court's trial session in New York, New York.

Upon the basis of the record, we summarize the facts as follows. Sometime in January 1997, petitioner filed her 1993 Form 1040, U.S. Individual Income Tax Return. Petitioner reported no income tax liability on the 1993 tax return.

Subsequently, in November 1999, petitioner filed an amended income tax return, Form 1040X, Amended U.S. Individual Income Tax Return, for the 1993 taxable year. The amount of tax shown on the amended return was $29,203.

On December 6, 1999, respondent processed petitioner's amended tax return and assessed the $29,203 of income tax due, as reported by petitioner on the Form 1040X.

After processing the amended return, respondent determined that petitioner was liable for an addition to tax of $6,570.68, pursuant to section 6651(a)(1), for failure to file her 1993 income tax return within the time prescribed by law. The addition to tax was computed based on the $29,203 of tax shown on the amended tax return. On December 6, 1999, respondent assessed the addition to tax of $6,570.68.

Petitioner asserts that on January 31, 2000, she filed a second amended tax return, Form 1040X, indicating that the tax reported on the first amended return was erroneously computed. Petitioner claims that on the second amended return she reported no tax liability for the 1993 taxable year. Petitioner further asserts that respondent rejected the second amended return as untimely.

Discussion

This Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by

statute.  Naftel v. Commissioner, 85 T.C. 527, 529 (1985).  The Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition.  Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988).

The pivotal issue in this case is whether respondent determined a "deficiency" in petitioner's 1993 Federal income tax within the meaning of sections 6211 and 6665.  Without such a determination, the notice of deficiency issued to petitioner is invalid.

The term "deficiency" is defined in section 6211(a) as the amount by which the tax imposed by subtitle A or B, or chapter 41, 42, 43, or 44, of the Internal Revenue Code exceeds the excess of the sum of the amount shown as the tax by a taxpayer on the taxpayer's return plus the amounts previously assessed (or collected without assessment) as a deficiency, over the amount of rebates made.

Consistent with section 6211(a), the definition of a deficiency is influenced in part by the definition of the term "tax".  In this regard, section 6665(a) states the general rule that additions to tax are treated as "tax" for purposes of assessment and collection.  However, section 6665(b) provides an exception to the general rule that an addition to tax under section 6651 will be treated as a tax for purposes of the

deficiency procedures only to the extent that the addition to tax is attributable to a deficiency as defined in section 6211.

The Internal Revenue Code does not explicitly provide for the filing or acceptance of amended returns. Badaracco v. Commissioner, 464 U.S. 386, 393 (1984). Although the Commissioner has permitted the use of amended income tax returns, amended returns are creatures of administrative convenience, and, except as otherwise provided by regulations, the Commissioner is free to accept or reject them. Terrell v. Commissioner, T.C. Memo. 1986-507.

The parties agree that petitioner filed a delinquent Federal income tax return and a subsequent amended income tax return for 1993. Further, petitioner asserts that she submitted a second amended return for 1993, which respondent was free to reject. Respondent accepted the original return and the first amended return as filed, and assessed the $29,203 of tax reported on the first amended return. Respondent also calculated and assessed a section 6651(a)(1) addition to tax of $6,570.68 based on the $29,203 of tax shown on petitioner's first amended 1993 tax return.

The Commissioner is authorized to immediately (summarily) assess and collect the amount of tax shown on a taxpayer's original income tax return, the amount of any additional tax shown on a subsequently filed amended income tax return, and an

addition to tax under section 6651(a)(1) if such addition is determined by the amount of tax shown on the taxpayer's return. See secs. 6665(b), 6201(a)(1); Meyer v. Commissioner, 97 T.C. 555, 559 (1991). The summary assessments described above are assessments that are not subject to the deficiency procedures and are not within the jurisdiction of this Court. Meyer v. Commissioner, supra at 560.

The amount shown as tax by petitioner on her first amended return does not constitute a deficiency within the meaning of section 6211(a). Wilson v. Commissioner, 118 T.C. 537 (2002); 301.6211-1(a), Proced. & Admin. Regs. Further, an addition to tax under section 6651(a)(1) is not subject to the deficiency procedures if such addition is determined by the amount of tax shown on the taxpayer's return. Meyer v. Commissioner, supra at 562.

The addition to tax of $6,570.68 that respondent determined under section 6651(a)(1) was computed by reference to the tax shown by petitioner on her delinquently filed amended return; thus, pursuant to section 6665(b), the addition to tax is not attributable to a deficiency as defined in section 6211. See Estate of Forgey v. Commissioner, 115 T.C. 142, 146-148 (2000); Meyer v. Commissioner, supra at 559-563.

Since we have determined above that the amount of tax shown on the amended return is not a deficiency and the section

6651(a)(1) addition to tax is not attributable to a deficiency, the notice of deficiency issued to petitioner contains no determination of a deficiency and is invalid.

This is not a case where respondent seeks to cancel an erroneously determined deficiency after we have unquestionably obtained jurisdiction. See Hannan v. Commissioner, 52 T.C. 787 (1969). This is a case where respondent made no determination of a deficiency in the first place. See Wilson v. Commissioner, supra.

Having concluded that the notice of deficiency issued to petitioner for the 1993 tax year is invalid, we lack jurisdiction in this case. Accordingly, respondent's Motion to Dismiss for Lack of Jurisdiction is granted.

Reviewed and adopted as the report of the Small Tax Case Division.

An order will be entered granting respondent's Motion to Dismiss for Lack of Jurisdiction.